# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

### COOMER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1914.)

### No. 4050.

1. CRIMINAL LAW (§ 1116\*)—QUESTIONS FOR REVIEW—SUFFICIENCY OF INDICT-
MENT.

An indictment not demurrable on its face does not become so by the ad-
dition of a bill of particulars, since the bill of particulars is no part of
the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2924; Dec.
Dig. § 1116.\*]

2. POST OFFICE (§ 48\*)—OFFENSES AGAINST POSTAL LAWS—INDICTMENT.

It was not necessary for an indictment for mailing newspapers con-
taining obscene matter to charge that the newspapers in which the ob-
jectionable article appeared were obscene.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec.
Dig. § 48.\*]

3. POST OFFICE (§ 48\*)—OFFENSES AGAINST POSTAL LAWS—INDICTMENT.

The omission from an indictment for mailing obscene matter, which the
indictment alleges is not proper to be spread at length upon the records
of the court, does not render the indictment demurrable, where the offense
is so described as to reasonably inform defendant of the nature of the
crime charged, though the entire article claimed to be obscene should be
set out at length either in the indictment or by bill of particulars, if re-
quested, whenever defendant is liable to be surprised by evidence for
which he is unprepared.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec.
Dig. § 48.\*]

4. POST OFFICE (§ 31\*)—STATUTORY PROVISIONS—OFFENSES.

Criminal Code, § 211 (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S.
Comp. St. Supp. 1911, p. 1651]), making obscene, lewd, lascivious, or filthy
matter nonmailable and prescribing the punishment for depositing such
matter for mailing or delivery, is a valid exercise of the power to estab-
lish a postal system.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec.
Dig. § 31.\*]

5. POST OFFICE (§ 31\*)—STATUTORY PROVISIONS—OFFENSES.

Criminal Code, § 211 (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S.
Comp. St. Supp. 1911, p. 1651]), making certain matter nonmailable and
providing that it shall not be conveyed in the mails or delivered from any
post office or by any letter carrier, and providing that whoever shall

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—1

knowingly deposit for mailing or delivery anything thereby declared to be nonmailable shall be punished by fine or imprisonment, applies only to the depositing of such matter in the mails and is not invalid as prohibiting the deposit of such matter in private depositories or other places over which Congress has no control.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

6. POST OFFICE (§ 31*)—STATUTORY PROVISIONS—OFFENSES.

Criminal Code, § 211 (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]), making certain matter nonmailable and forbidding its conveyance in the mails or delivery from any post office or by any carrier and prescribing a penalty for the deposit of such matter for mailing or delivery, is not a mere direction to the post office officials, and violations thereof are punishable as crimes in view of the enacting clause, which provides that the penal laws are thereby codified, etc., and section 335, providing that all offenses punishable by death or imprisonment for a term exceeding one year shall be deemed felonies and all other offenses misdemeanors.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

7. CONSTITUTIONAL LAW (§§ 199, 250, 258*) — STATUTORY PROVISIONS — OFFENSES.

Criminal Code, § 211 (Act March 4, 1911, c. 321. 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]), making obscene matter nonmailable and prescribing the punishment for depositing it for mailing or delivery, is not invalid as failing to provide any test of obscenity or of guilt, thereby denying due process of law, the equal protection of the laws, and the guaranty against ex post facto laws.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 551–569, 576–580, 582, 583, 711–713, 748; Dec. Dig. §§ 199, 250, 258.*]

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Hobart Coomer was convicted of an offense, and he brings error. Affirmed.

Patrick S. Nagle, of Kingfisher, Okl., for plaintiff in error.

Isaac D. Taylor, U. S. Atty., of Guthrie, Okl. (W. B. Herod, Asst. U. S. Atty., of Guthrie, Okl., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

RINER, District Judge. The plaintiff in error was indicted for mailing newspapers containing obscene matter. The indictment contained two counts. The first count, omitting the formal parts, charged that the plaintiff in error, on the 12th day of June, 1912, in the county of Beckam, in the Western district of Oklahoma—

"then and there being, did then and there unlawfully, knowingly, feloniously and willfully deposit, and cause to be deposited in the post office of the United States, at Sayre, in the said county and district aforesaid, there, for mailing and conveyance through the United States mail and delivery from said post office certain printed newspapers, to wit, a large number of printed newspapers, the same being an issue of the Social Democrat, the number of which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is unknown to the grand jurors, then and there addressed to divers persons respectively whose names are to the grand jurors unknown, and each of which said newspapers then and there contained nonmailable matter, that is to say, certain obscene, lewd, lascivious, and filthy matter, language, and articles but which said articles, language, and printed matter is too obscene, lewd, lascivious, and filthy to be here set out and made a part of the records of this honorable court, but which said article and printed matter began as follows: 'Free Love, Edition of Social Democrat, July 10th, Order a Bundle Now. $2.00 per Hundred. Advertisers get your copy in Now. 5000 copies of this edition will be circulated. The master class has always taught, and paid their hireling teachers, preachers, authors, editors and other able idiots to teach, that woman is merely a multiplication table for the human species,' and ended as follows, to wit: 'We are going to tell you in the Free Love Edition, why the Socialists believe women are human beings. Watch for it, and read it when you get it.' Which said printed newspapers, articles and obscene, lascivious, lewd and filthy language and matter therein contained so as aforesaid, was by him the said Hobart Coomer, so deposited and caused to be deposited with the full knowledge upon his part of the printing, article and matter, aforesaid, in the said newspapers and the import thereof: Contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

The second count is identical with the first, except that in this count the plaintiff in error is charged with mailing a different issue of the same newspaper containing the article described in the first count.

The indictment was returned by the grand jury on the 18th of January, 1913, and on the 27th day of the same month the plaintiff in error filed a demurrer to the indictment which was argued and by the court overruled. He thereupon entered a plea of not guilty and moved the court to require the government to furnish him with a bill of particulars containing a full and complete copy of the article charged in the indictment to be nonmailable matter. This was done, and on the 10th day of May, 1913, he applied for a rehearing on his demurrer to the indictment, which was granted. The court, then having before it the indictment and bill of particulars containing the printed article referred to in the indictment, after argument again overruled the demurrer, and the plaintiff in error was allowed an exception. Thereafter, and on the 19th day of May, plaintiff in error appeared in court in person and by counsel and withdrew the plea of not guilty which he had theretofore entered, entered a plea of guilty to each count of the indictment, and the court thereupon sentenced him to imprisonment in the Oklahoma county jail for the term of 60 days and to pay a fine of $100 on each count of the indictment; the sentences of imprisonment to run concurrently.

The only error assigned is "that the trial court erred in overruling the demurrer to the indictment."

By a stipulation of the parties the sole question submitted to this court for determination is whether the facts stated in the indictment, when considered in connection with the article set out in the bill of particulars, constituted an offense against the laws of the United States. In other words, was the article complained of nonmailable matter?

[1] An indictment not demurrable on its face does not become so by the addition of a bill of particulars for the reason that the bill of particulars is no part of the record. Dunlop v. United States, 165 U. S.

486, 17 Sup. Ct. 375, 41 L. Ed. 799. However, in view of the stipulation of the parties, we have considered the questions raised by counsel for plaintiff in error in his brief.

[2, 3] The first objection to the indictment discussed by counsel for plaintiff in error in his brief is that it does not charge that the newspaper in which the objectionable article appeared was obscene. This objection is without merit, as has been repeatedly decided by this court. In the case of Demolli v. United States, 144 Fed. 363, 75 C. C. A. 365, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121, Mr. Justice Van Devanter, then Circuit Judge, speaking for this court, said:

"It is not essential to the commission of the offense prescribed by the statute that the entire contents of the newspaper, or other parcel, deposited in the mail, be objectionable in character."

It is quite sufficient if it contain an obscene, lascivious, lewd, or filthy article. United States v. Bennett, 16 Blatchf. 338, Fed. Cas. No. 14,-571; Burton v. United States, 142 Fed. 57, 73 C. C. A. 243; Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Knowles v. United States, 170 Fed. 409, 99 C. C. A. 579. In Burton v. United States, supra, this court said:

"Of course, the character of the book was not to be judged by any brief extracts therefrom, the proper understanding of which depended upon their being taken in connection with the context; nor was it necessary to consider more of the context than was essential to a proper understanding of what was claimed to be obscene."

Undoubtedly the entire article claimed to be obscene should be set out at length, either in the indictment or by a bill of particulars, if requested, as was done in this case, whenever the defendant is liable to be surprised by evidence for which he is unprepared. But the omission from the indictment of obscene matter, alleged as not proper to be spread at length upon the records of the court, where the offense is so described as to reasonably inform the defendant of the nature of the crime charged against him, does not render the indictment bad on demurrer. Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606.

It is next contended that the article complained of is not obscene, lewd, lascivious, and filthy within the meaning of those words as used in section 211 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]). This section of the Code differs from section 3893 of the Compiled Statutes (U. S. Comp. St. 1901, p. 2658) in that it adds, after the word "lascivious," the words "and every filthy book, pamphlet," etc. Whether the addition of these words really makes any change and has the effect of enlarging the scope of the statute it is not necessary for us to decide, for from our examination of the article, which is set out at length in the bill of particulars, we are clearly of the opinion that, applying to it the test heretofore applied by the courts in such cases, it falls within the prohibition of the statute. Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Rinker v. United States, 151 Fed. 760, 81 C. C. A. 379; Burton v. United States, 142 Fed. 57, 73 C. C. A. 243; United States v. Harmon (D. C.) 45 Fed. 414; Knowles v. United States, 170 Fed. 409, 95 C. C. A. 579.

[4] It is next insisted that the statute is not a law of the United States because not included within the power to establish a postal system. This question has been so often decided contrary to the contention here made that we may well pass it with the citation of a few of the many cases where the courts have had occasion to consider it. Ex parte Jackson, 96 U. S. 727, 24 L. Ed. 877; In re Rapier, 143 U. S. 110, 12 Sup. Ct. 374, 36 L. Ed. 93; United States v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, 34 L. Ed. 117; Knowles v. United States, 170 Fed. 409, 95 C. C. A. 579; United States v. Harmon (D. C.) 45 Fed. 414.

[5] Again it is said that the statute is void for including nonpostal areas. And it is argued because the statute provides "and every person who shall deposit or cause to be deposited for mailing anything declared by this section to be nonmailable shall be fined," etc., without designating an authorized depository for the mail, that it attempts to make it an offense to deposit nonmailable matter anywhere, and might include private depositories or other places not related to the postal system over which Congress has no control. The statute makes certain matter nonmailable and provides that it shall not be conveyed in the mails or delivered from any post office or by any letter carrier. It further provides that whosoever shall knowingly deposit or cause to be deposited for mailing or delivery anything declared by this section to be nonmailable shall be punished as provided in the statute. Clearly the offense contemplated is the placing or causing to be placed prohibited matter in the mail. The language is, "deposit or cause to be deposited for mailing or delivery." The legislation is directed to matters over which Congress had full and complete jurisdiction, and there can be no doubt we think as to the validity of the statute.

[6] It is further suggested that even if Congress had authority it has not been exercised, because no statute prohibits the mailing of nonmailable matter. It is insisted that the statute, if anything, is a mere direction to the post office officials, and does not make a violation thereof either a felony or a misdemeanor. In the preparation of his brief counsel must have overlooked not only the enacting clause but also the provisions of section 335 of the Code. This section provides that all offenses which may be punished by imprisonment for more than one year shall be deemed felonies and all other offenses shall be deemed misdemeanors.

[7] It is also said that because of the uncertainty in the test of obscenity there is a total absence of criteria of guilt, and therefore that the statute cannot constitute due process of law; that the equality required thereby is violated; that the law is violative of the constitutional guaranty against ex post facto laws; and that the defendant is not informed of the nature of the accusation against him. Section 211 of the Criminal Code is, with a few slight changes, a re-enactment of section 3893 of the Compiled Statutes. The only change that could affect the construction heretofore placed upon section 3893 by the courts is the addition of the words "and every filthy book, pamphlet," etc. These words certainly do not tend to narrow the scope of the statute. Without discussing them separately, it is sufficient to say

that all of the questions suggested by counsel affecting the constitutionality of this section of the Code have been before the courts in construing section 3893, and by an almost unbroken line of authority have been held to be without merit.

The judgment of the District Court is affirmed.