**AUDIOCASTING, Inc., (Radio Station KJOE)**

v.

**STATE OF LOUISIANA, Fred S. LeBlanc, Attorney General for the State of Louisiana, Edwin Blewer, District Attorney for Caddo Parish, Louisiana, Louisiana State Board of Optometry Examiners, and Its Individual Members: Lacy G. Bordelon, Sam P. Roberts, Herman B. Hewett, Charles D. LaBorde, and T. A. Brulte.**

**Civ. A. No. 5459.**

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 5, 1956.

William M. Cady, III, Cady & Johnson, Shreveport, La., for plaintiff.

John A. Dixon, Jr., Shreveport, La., for defendant Edwin L. Blewer.

G. Dupre Litton, First Asst. Atty. Gen., of Louisiana, and Ferdinand A. Cashio, Sp. Asst. Atty. Gen., of Louisiana, for other defendants.

Benjamin C. DAWKINS, Jr., Chief Judge.

This suit, brought under the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, seeks to have us declare:

1. That a section of the Louisiana Optometry Regulatory Act, LSA–R.S. 37:1063(9), which prohibits advertising of optometric services or products " * * * as free or for a price * * * ", does not apply to advertising by radio or television;

2. That this Statute, which prescribes criminal penalties for violations, if applicable to radio and television advertising, is repugnant to the Federal Constitution in that it is (a) an attempted impingement upon a field of the law already rightly and fully occupied by Federal authority under the Communications Act of 1934, 48 Stat. 1064, 47 U.S.C.A. § 151 et seq., and (b) it is an undue burden upon, or interference with, interstate commerce, which only the Federal Government may regulate, under the Commerce Clause of the Constitution, Article 1, § 8, cl. 3; and that, accordingly,

3. Plaintiff may carry such broadcasts without incurring criminal liability.

Jurisdiction is sought to be invoked on the ground that Federal questions are presented, 28 U.S.C.A. § 1331.

According to the complaint, plaintiff, as the owner and operator of Radio Station KJOE, in Shreveport, Louisiana, has been threatened with prosecution by the attorney for the Louisiana Board of Optometry. KJOE broadcasts to Louisiana, Texas and Arkansas, and has carried advertisements, including prices, for optometric services and products offered for sale by Lester Optical Company, of Waskom, Texas, just across the State line, where such advertising is legal. It wishes to broadcast further advertisements, but fears to do so because the Board, armed with an opinion from the Louisiana Attorney General that the Optometry Statute applies to, and prohibits, such advertising, has warned plaintiff to stop or bear the criminal consequences.

In pertinent part, the Act provides:

"No person shall:

\* \* \* \* \* \*

"(9) Advertise as free or for a price, any of the following: The examination, or treatment of the eyes; the furnishing of optometrical services; or the furnishing of a lens, lenses, glasses, or the frames or fittings thereof.

"The provisions of paragraph (9) of this Section do not apply to the advertising of goggles, sunglasses, colored glasses, or occupational eye-protective devices if they are so made as not to have refractive values.

"Whoever violates this Section or any provision of this Chapter, shall, for the first offense, be fined not less than three hundred dollars or imprisoned for not less than thirty days, or both; and, in addition, shall be enjoined from practicing optometry. For each subsequent offense, in addition to being enjoined from the practice, the offender shall be fined six hundred dollars and imprisoned for not less than ninety days."

Accordingly, plaintiff seeks a declaratory judgment as outlined above. It names as parties defendant the State of Louisiana, its Attorney General, the Optometry Board and its individual members, and the State District Attorney for Caddo Parish (County), where the radio station operates.

All defendants have moved to dismiss the suit on various grounds, which we do not discuss in detail because of the following dispositive legal conclusions:

■ 1. The State, as a sovereign, may not be sued without its consent. Louisiana has not consented to this suit. Plaintiff concedes this. United States Constitution, Eleventh Amendment.

■ 2. The State Optometry Board, here made a defendant in its official capacity, cannot be sued without the State's consent. Louisiana Land & Exploration Co. v. State Mineral Board, 5 Cir., 229 F.2d 5, and authorities therein cited.

■ 3. The individual officials named as defendants, if exceeding their statutory authority, or acting under color of unconstitutional statutory authority, may be sued. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Here, however, plaintiff does not allege that the Attorney General or District Attorney has prosecuted it, or has threatened to do so, under or beyond the terms of the

Statute. Neither does it allege that the individual members of the Optometry Board have done so. Rather, the complaint is against threatened action by the Board itself, which may not be sued without Louisiana's consent. Louisiana Land & Exploration Co. v. State Mineral Board, supra.

4. The Louisiana Supreme Court has upheld the validity of LSA–R.S. 37:1063 (9), with respect to newspaper advertising, as a valid exercise of the State's inherent police power, not in violation of the State or Federal Constitution. State v. Rones, 1953, 223 La. 839, 67 So.2d 99. But that Court has not passed upon the questions here presented, i. e., it has not decided whether the Statute is broad enough to apply to radio or television advertisements, or whether, if so, it is violative of Federal statutory or constitutional provisions.

5. "Interpretation of state legislation is primarily the function of state authorities, judicial and administrative. The construction given to a state statute by the state courts is binding upon federal courts." Albertson v. Millard, 1953, 345 U.S. 242, 73 S.Ct. 600, 602, 97 L.Ed. 983.

6. According to the opinion of Mr. Justice Jackson, in Public Serv. Comm. of Utah v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 239, 97 L.Ed. 291, the Federal Declaratory Judgment Act

" * * * is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.

\* \* \* \* \* \*

"* * * [It] limits the declaration to cases of actual controversy.

\* \* \* \* \* \*

" * * * ' * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy *admitting of specific relief* through a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' * * *

"* * * '* * * the decision must *finally settle* and determine the controversy.' * * *

" * * * While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining *futile or premature* interventions, *especially in the field of public law.* * * *

\* \* \* \* \* \*

"Even when there is no incipient federal-state conflict, the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. * * *

\* \* \* \* \* \*

"Declaratory proceedings in the federal courts against state officials must be decided with regard for the implications of our federal system.

* * * *It is the state courts which have the first and the last word as to the meaning of state statutes and whether a particular order is within the legislative terms of reference so as to make it the action of the State.* We have disapproved *anticipatory declarations* as to state regulatory statutes, even where the case originated in and was entertained by courts of the State affected. Alabama State Federation of Labor etc., v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. Anticipatory judgment by a federal court to frustrate action by a state agency is even less tolerable to our federalism. Is the declaration contemplated here to be *res judicata,* so that the Commission can not hear evidence and decide any matter for itself? If so, the federal court has virtually lifted the case out of the State Commission before it could be

heard. If not, the federal judgment serves no useful purpose as a final determination of rights.

"The procedures of review usually afford ample protection to a carrier whose federal rights are actually invaded, and there are remedies for threatened irreparable injuries. *State courts are bound equally with the federal courts by the Federal Constitution and laws. Ultimate recourse may be had to this Court by certiorari if a state court has allegedly denied a federal right.*" (Emphasis supplied.)

7. Mr. Chief Justice Stone, writing as the organ of the Court in Alabama State Federation of Labor, etc. v. McAdory, 1944, 325 U.S. 450, 65 S.Ct. 1384, 1390, 89 L.Ed. 1725, made the following statements:

" * * * The declaratory judgment procedure may be resorted to *only* in the sound discretion of the Court and *where* the interests of justice will be advanced and *an adequate and effective judgment may be rendered.* * * *

" * * * In advance of an authoritative construction of a state statute, which the state court alone can make, this Court cannot know whether the state court, when called on to apply the statute to a defined case or controversy, may not construe the statute so as to avoid the constitutional question. For us to decide the constitutional question by anticipating such an authoritative construction of the state statute would be either to decide the question unnecessarily or rest our decision on the unstable foundation of our own construction of the state statute which the state court would not be bound to follow. Spector Motor Co. v. McLaughlin, supra, 323 U.S. at page 105, 65 S.Ct. at page 154; see also Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327; Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246. *Such is not the function of the declaratory judgment.*

"The extent to which the declaratory judgment procedure may be used in the federal courts to control state action lies in the sound discretion of the Court. See Great Lakes Dredge & Dock Co. v. Huffman, supra [319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407]. It would be an abuse of discretion for this Court to make a pronouncement on the constitutionality of a state statute before it plainly appeared that the necessity for it had arisen, or when the court is left in uncertainty, which it cannot authoritatively resolve, as to the meaning of the statute when applied to any particular state of facts. *In any event the parties are free to litigate in the state courts the validity of the statute when actually applied to any definite state of facts, with the right of appellate review in this Court.* In the exercise of this Court's discretionary power to grant or withhold the declaratory judgment remedy it is of controlling significance that *it is in the public interest to avoid the needless determination of constitutional questions and the needless obstruction to the domestic policy of the states by forestalling state action in construing and applying its own statutes.* See Great Lakes Dredge & Dry Dock Co. v. Huffman, supra, 319 U.S. at page 300, 63 S.Ct. at page 1074, 87 L.Ed. 1407, et seq." (Emphasis supplied.)

We take it as settled, therefore, that a Federal Court will not undertake to render an advisory opinion upon a state statute, especially one involving the State's police power, in advance of an authoritative interpretation and application by the State's own courts. This is especially so where the Federal court cannot, or should not, grant an adequate and effective judgment that will terminate the controversy.

8. It is clear that a Federal Court may not enjoin a State or its officers from instituting criminal actions under State laws, except when absolutely necessary for protection of constitutional rights. This may not be done except under extraordinary circumstances,

"*  *  * where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of federal questions. An intolerable condition would arise, if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed. 402." Fenner v. Boykin, 271 U.S. 240, 243–244, 46 S.Ct. 492, 493, 70 L.Ed. 927.

See also, to the same effect, Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; and City of Miami v. Sutton, 5 Cir., 1950, 181 F.2d 644, 649.

Entirely aside from the impropriety of permitting the State or its Board to be sued without its consent, as here, since we cannot grant this plaintiff full relief, or end the controversy, by enjoining the State or its Board or officials from instituting prosecution under the Louisiana Optometry Act, and at most could render only an advisory opinion, which would not be binding upon the State Courts, or *res adjudicata* as to the parties; since plaintiff has the right to raise the same questions it presents here in the State Courts if it is prosecuted, and ultimately, if necessary, could seek review of the constitutional points by the United States Supreme Court, we cannot and will not render a declaratory judgment here. As put by the United States Court of Appeals for the Fifth Circuit in City of Miami v. Sutton, supra,

"Since the issuance of an injunction is the only means by which any declaration of rights could effectively be enforced or bring about a termination of the controversy, the legal impossibility of obtaining such injunctive relief renders a declaration advisory only and therefore futile to effectuate a settlement of the controversy. The opinion and decree of the federal court would not be *res adjudicata* in any subsequent criminal proceeding in the municipal or state court, and the matter of the acceptance of the federal court's declaration would be at last left solely to the voluntary determination of the municipal authorities."

Finally, we note that Louisiana has adopted the Uniform Declaratory Judgments Act, LSA–R.S. 13:4231 et seq. Plaintiff might succeed in obtaining a declaration as to its rights, if any, by filing suit in a proper Louisiana Court. It may not do so here.

For these reasons, the motions to dismiss, by all defendants, will be granted.

Present proper decree in accordance.