Aurelia S. BROWDER and Susie McDonald, and Claudette Colvin, by Q. P. Colvin, next friend, et al., Plaintiffs,

v.

CITY OF MONTGOMERY, ALABAMA, a municipal corporation, and W. A. Gayle, Clyde Sellers and Frank Parks, individually and as the Board of Commissioners of the City of Montgomery, Alabama, Defendants.

Civ. A. No. 1234-N.

United States District Court
M. D. Alabama, N. D.
Nov. 14, 1956.

See also 142 F.Supp. 707.

Fred D. Gray, Charles D. Langford, Montgomery, Ala., Orzell Billingsley, Jr., Peter A. Hall, and Arthur D. Shores, Birmingham, Ala., for plaintiffs.

Walter J. Knabe and Drayton Hamilton, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

Petitioners, by motion and complaint filed November 1, 1956, seek to have this court issue an injunction restraining the City of Montgomery, its Board of Commissioners, servants, agents, employees, and attorneys from interfering with the operation of a transportation system or car pool operated within the City of Montgomery by petitioners and others similarly situated. The petition prays that the court enjoin the defendants from filing or prosecuting any action or proceeding in the municipal courts of the City of Montgomery or the Circuit Court of Montgomery County, Alabama, or any other court of the State of Alabama.

Petitioners by amendment filed this date (being the day set by this court for a hearing), seek to bring in new parties and make other allegations similar to those in the original complaint. The amendment except to add new parties, is allowed and otherwise is denied.

Defendants move to dismiss on the grounds this court has no jurisdiction; that motion is hereby overruled and denied.

The jurisdiction of the court is invoked under Title 42, §§ 1981 and 1983, and Title 28, § 1343(3), § 1651 and § 2283, of the United States Code Annotated.

Section 1981, legislated by Congress to insure equal rights under the law to all persons, provides that:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Section 1983 of Title 42, legislated to insure an adequate remedy to every person deprived of rights secured by the Constitution and laws of the United States under color of any State or local regulation, provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

This court is not without authority to grant the relief prayed for if the circumstances are found to so justify. Title 28, § 1343 U.S.C.A., provides that:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

The authority vested in the District Courts of the United States to exercise original jurisdiction in such cases is not revoked by the action of State courts in the enforcement of their asserted authorities. The Supreme Court in Tarble's case, In re Tarble, 13 Wall. 397, 80 U.S. 397, 20 L.Ed. 597, held:

"The government of the United States and the government of a State are distinct and independent of each other within their respective spheres of action, although existing and exercising their powers within the

130

same territorial limits. Neither government can intrude within the jurisdiction, or authorize any interference therein by its judicial officers with the action of the other. *But whenever any conflict arises between the enactments of the two sovereignties, or in the enforcement of their asserted authorities, those of the national government have supremacy* until the validity of the different enactments and authorities are determined by the tribunals of the United States." (Emphasis added.)

The court is of the opinion, however, that although vested with authority to grant the relief prayed for by petitioners, the circumstances of this case do not justify the court's intervention.

■ The court takes judicial notice of the cause styled The City of Montgomery, a municipal corporation, v. Montgomery Improvement Association, a corporation, and others, presently pending before the Circuit Court of Montgomery County, Alabama, in which cause the City of Montgomery seeks to enjoin the respondents from the further operation of a transportation system or car pool within the City of Montgomery and for other relief as more fully set out in the bill of complaint.

■■ The State courts, as well as the Federal judiciary, are under a sworn duty to uphold the Constitution of the United States and the citizens' rights thereunder. Article VI, Clause 3, of the Constitution; 4 U.S.C.A. § 101; Charles T. Henderson v. United States, 5 Cir., 237 F.2d 169. This court will not presume that the courts of the State will not uphold this sworn obligation.

■■ In accord with the principles of comity necessary for harmonious relations between the State and Federal judiciaries, courts of equity have always been hesitant to grant the extraordinary relief afforded by injunctive process; especially is this true where the relief sought would result in enjoining the enforcement of State criminal statutes and ordinances. While the Federal courts have the power to enjoin State officers from instituting criminal actions they will not do so except under extraordinary circumstances where the danger of irreparable injury is great and imminent. Fenner v. Boykin, 5 Cir., 3 F.2d 674, affirmed 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927, cited at 21 C.J.S., Courts, § 543, p. 838.

As expressed by Justice Cardozo in Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 243, 77 L.Ed. 610, cited in Chapman v. Trustees of Delaware State College, D.C.Del., 101 F.Supp. 441:

"Caution and reluctance there must be in any case where there is the threat of opposition, in respect of local controversies, between state and federal courts. Caution and reluctance there must be in special measure where relief, if granted, is an interference by the process of injunction with the activities of state officers discharging in good faith their supposed official duties. In such circumstances this court has said that an injunction ought not to issue 'unless in a case reasonably free from doubt.' * * * A prudent self-restraint is called for at such times if state and national functions are to be maintained in stable equilibrium. Reluctance there has been to use the process of federal courts in restraint of state officials though the rights asserted by the complainants are strictly federal in origin."

The rules of comity to which Justice Cardozo referred are by no means exclusively binding upon Federal courts but are equally binding upon State courts and require of them that restraint be exercised to prevent a conflict of sovereigns when jurisdiction of the controversy has attached to the Federal courts.

The hesitancy of the Federal courts to enjoin the enforcement of criminal statutes and ordinances was expressed by the Fifth Circuit in its recent decision of City of Houston v. Jas. K. Dobbs Co.

of Dallas, 232 F.2d 428, 431, in which the court said:

> "'To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights.' * * *

> "'We have said that it must appear that "the danger of irreparable loss is both great and immediate"; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged.'"

In Audiocasting, Inc., v. State of Louisiana, D.C.La., 1956, 143 F.Supp. 922, 927, the District Court of Louisiana held:

> "* * * that a Federal Court may not enjoin a State or its officers from instituting criminal actions under State laws, except when absolutely necessary for protection of constitutional rights. This may not be done except under extraordinary circumstances,

> "'* * * where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of federal questions. An intolerable condition would arise, if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court. * * *'"

—citing among other authorities Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, and City of Miami v. Sutton, 5 Cir., 181 F.2d 644, 649.

In Douglas v. City of Jeannette, the petition seeking injunctive relief from threatened state criminal prosecutions was also founded on the Civil Rights Act. The Supreme Court, in upholding the Third Circuit's refusal to grant an injunction, said [319 U.S. 157; 63 S.Ct. 880]:

> "The power reserved to the states under the Constitution to provide for the determination of controversies in their courts may be restricted by federal district courts only in obedience to Congressional legislation in conformity to the Judiciary Article of the Constitution. Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds."

The court is of the opinion that the petitioners have not been threatened with any injury other than that incidental to the enforcement of city ordinances, or that this court by issuing the relief prayed for could afford petitioners protection which could not be secured by hearing in the State court proceeding and an appeal to the United States Supreme Court.

In accord with this opinion and the authorities to which I have referred, it is the order and judgment of the court that the petition seeking a temporary injunction be and the same is hereby overruled and denied.