THE CITY OF CAMDEN, PROSECUTOR, v. CAMDEN COUNTY BOARD OF TAXATION AND ABRAHAM BROWNING COUNCIL NO. 122, JUNIOR ORDER UNITED AMERICAN MECHANICS, DEFENDANTS.

Argued May 4, 1938—Decided October 29, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *Firmin Michel* (*William J. Shepp*, of counsel).

For the defendant Abraham Browning Council No. 122, Junior Order United American Mechanics, *Clinton I. Evans.*

BROGAN, CHIEF JUSTICE. The prosecutor of this writ complains that the Camden County Board of Taxation erred in cancelling taxes and assessments for the year 1937, upon property of the Abraham Browning Council No. 122, Junior

Order United American Mechanics situated in Camden, New Jersey. The county tax board, in justification of its judgment cancelling said assessment, relies upon chapter 46 of the laws of 1936 (*Rev. Stat.* 54:4-3.26), the pertinent provision of which reads: "1. The following property shall be exempt from taxation * * * namely: All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated; *provided,* that the legal or beneficial ownership of such property is in one or more of the said organizations, lodges, associations or societies; *and provided, further,* that no part of such property is used for pecuniary profit."

The parties have stipulated that the respondent fraternal organization is incorporated under "An act to incorporate associations not for pecuniary profit" (1898); that the purposes of the association, as stated in its certificate of incorporation, are to assist and encourage Americans in business, establish and maintain a sick and funeral fund and maintain the public school system of the United States of America; that it is organized on the lodge plan and provides sick and death benefits for its members; that the premises in question consist of a three-story building containing lodge offices, meeting rooms and a recreation room and kitchen; that the building is actually used for the purposes of the lodge and no part thereof is rented or used for profit.

The prosecutor's argument for a reversal of this judgment allowing tax exemption for the lodge property is two fold: (1) that the statute is unconstitutional in that it violates article IV, section 7, paragraph 12 of the New Jersey Constitution, which provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value," and (2) that the statute offends the constitutional provisions contained in article 1, paragraphs 19 and 20 of the New Jersey Constitution in that an exemption created under it amounts to a donation of public funds to a private association or corporation.

Under the first point the contention is that the statute upon which the exemption is based is special and not general; that it classifies property for the purpose of exemption from taxation on the basis of ownership, and that ownership is not a proper basis of classification; that it contains no substantial basis for classification of property for exemption from taxation and the classification contained therein is arbitrary, unreasonable and illegal and, finally, that it is discriminatory in that its provisions are not applicable to all other owners of similar property. Any of these reasons would be sufficient for declaring the statute invalid and setting aside the exemption if applicable to the case before us.

Our decisions in the matter of tax exemption have upheld the validity of statutes that exempted from taxation certain classes of schools and colleges, properties used exclusively for religious worship, and properties of charitable institutions. That the legislature may exempt certain property from taxation which is classified according to the use to which it is put, e. g., charitable, religious or beneficial to the public generally, without financial gain to the owners, trustees or administrators, has never been successfully disputed. On the other hand, statutes exempting property from taxation because of the status of the owner rather than the use to which it was put, have been held void. The cases dealing with this question—that the legislature may exempt property from taxation provided that object be accomplished by general laws, and that the property so selected be dealt with under uniform rules—are collected in *Tippett* v. *McGrath,* 70 *N. J. L.* 110, 112. The prosecutor relies upon this case as well as *Essex County Park Commission* v. *Town of West Orange,* 77 *Id.* 575; *Secaucus* v. *Huber,* 87 *Id.* 464; *Gillen* v. *Essex County, &c.,* 91 *Id.* 76; *Fidelity Trust Co.* v. *Vogt,* 66 *Id.* 86, and *Sisters of Peace* v. *Westervelt,* 64 *Id.* 510. But none of these cases, in our view, supports the prosecutor's argument. In the Essex County Park case there was an attempt to classify lands of counties and taxing districts for taxation purposes by reference to the location of such lands. This classification was held unconstitutional because it was not general and was in

fact arbitrary. The same vice—making ownership and location the test—was condemned in the Huber case, and likewise in the Gillen case; like or kindred infirmities appeared in each of the cases upon which prosecutor relies.

The case before us is quite different. The classification of properties for exemption under the statute, *supra*, is general, not illusory or arbitrary. The property is admittedly used for purposes that are fraternal in character and substance, beneficial to the public generally, and the classification for exemption based on use to which the property is put. The reasons for reversing the judgment under the first point made are not sound.

Nor is there any substance to the second point that the exemption amounts to a gift of public money to the respondent organization. It may be argued that all exemptions constitute like donation of public funds. Our constitution does not require all property to be taxed (*Tippett* v. *McGrath, supra*) and the legislature may exempt certain classes of property from taxation, providing it be done by general law and that all property in the class be dealt with uniformly. The statute upon which the exemption is granted respondent accomplishes this object in a constitutional manner. *Newark* v. *State Board,* 9 *N. J. Mis. R.* 599. All of the requirements of the statute are met. The property is used for the purposes and in the work of a fraternal organization, the ownership is in said fraternal lodge or organization, and no part of the property is used for profit.

Judgment affirmed. The writ is dismissed, with costs.