ALLENDALE CONGREGATION OF JEHOVAH'S WITNESSES, PLAINTIFF-APPELLANT, v. EDWIN W. GROSMAN, BOROUGH OF ALLENDALE BOARD OF ADJUSTMENT AND BOROUGH OF ALLENDALE, DEFENDANTS-RESPONDENTS.

Argued June 2, 1959—Decided June 30, 1959.

*Mr. Hayden C. Covington* of the New York Bar argued the cause for the appellant (*Mr. Daniel W. Kamp,* attorney).

*Mr. James J. Dooley* argued the cause for the respondents (*Mr. George Winne,* attorney).

PER CURIAM.  On February 11, 1959 the Law Division entered judgment for the defendants and thereafter the plaintiff appealed to the Appellate Division.  We certified the matter on our own motion.  See *R. R.* 1:10–1(*a*).

Since 1951 the Allendale Congregation of Jehovah's Witnesses has been conducting its meetings in a store located at 78 West Allendale Avenue, Allendale, New Jersey.  In 1957 it applied for a permit to build a meeting hall on a lot in an AA residential zone.  The lot is irregular in shape and is less than ½ acre in size.  It fronts on Hillside Avenue in a 40-mile-per-hour speed zone near a 60-degree road bend.  The building inspector found that the use proposed by the applicant would create "exceptional risk of traffic congestion and public safety," that the design and construction of the proposed building would be "markedly incongruous with the character of the neighborhood" and that the applicant's plans and specifications did not meet certain requirements regarding parking facilities and failed to provide "sufficient off-street parking areas and spaces." On August 15, 1957 the building inspector rejected the application and thereafter the plaintiff appealed to the board of adjustment.  In its presentation to the board, the plaintiff confined its attention to the borough's original zoning ordinance of 1952 and expressed its lack of concern with an amending ordinance which had been duly adopted by the borough during the course of the hearings before the board.  On April 26, 1958 the board sustained the building inspector's denial of the plaintiff's application, and in due course the plaintiff filed its complaint in lieu of prerogative writ.  See *R. R.* 4:88.  The Law Division, in rendering its judgment for the defendants, did not rely

on the provisions of the original zoning ordinance of 1952 or on the findings of the building inspector thereunder, but rested its determination on the plaintiff's acknowledged noncompliance with the provisions of the amendatory ordinance.

The amendatory ordinance took effect on October 24, 1957 and provides in section 605 that where a building is intended to be used "as a theatre, auditorium, restaurant, hospital, sanitarium, church or other place of public assembly, or any similar purpose likely to attract a number of persons using motor vehicles, there shall be provided a usable area for off-street parking for one motor vehicle for each three seats installed." Section 609 provides that "an area of 200 square feet, exclusive of driveways, is hereby determined as the minimum space necessary for the parking of a single motor vehicle." It is not disputed that the plaintiff's proposed premises would be a church or other place of public assembly with fixed seats within the meaning of the amendatory ordinance, and that its plans and specifications failed to comply with either of the quoted requirements of the amendatory ordinance relating to off-street parking. When Judge Waesche asked, in the Law Division, whether the plaintiff was within or in violation of section 605, counsel for the plaintiff replied, "we are in violation of it." Later, when counsel for the plaintiff urged that the ordinance was unconstitutional and prohibitory, Judge Waesche expressed the view that a regulation requiring off-street parking for church premises along with other places of public assembly is entirely lawful, provided its terms are reasonable, and he afforded to counsel for the plaintiff an opportunity to introduce testimony that the requirement for a parking space for each three seats and the related parking requirement were unreasonable. The opportunity was not availed of and no further testimony was introduced. Before the board of adjustment, a planning consultant who testified for the plaintiff as an expert witness on its behalf, stated that there was "no question" in his mind that an ordinance requiring

a parking space for each three seats "would be reasonable," and the plaintiff's minister testified that the attendance at its West Allendale Avenue premises has heretofore averaged about 3¼ persons for each car. A planning consultant who testified in opposition to the plaintiff's application stated that "it is very common in zoning for off-street parking to designate an area of 200 square feet as a parking area for one motor vehicle."

The plaintiff's application does not comply with the amendatory ordinance nor does it seek a specific variance from its terms under the statutory standards set forth in *N. J. S. A.* 40:55–39. And apparently the plaintiff does not seek to establish arbitrary discrimination aimed by the borough at Jehovah's Witnesses which this court would, of course, be alert to strike down; indeed during oral argument, counsel for the plaintiff acknowledged that the only evidence suggestive of such discrimination was the passage itself of the amendatory ordinance while the plaintiff's appeal was being heard by the board of adjustment. But it is well settled in our State that a municipality's conduct in increasing its general zoning restrictions while action is being awaited on a pending application will, in the absence of a showing to the contrary, be presumed to have been in good faith and for the public interest and be deemed lawfully controlling on the application. See *Crecca v. Nucera,* 52 *N. J. Super.* 279, 283 (*App. Div.* 1958); *Roselle v. Mayor and Council of Borough of Moonachie,* 48 *N. J. Super.* 17, 21 (*App. Div.* 1957), on rehearing 49 *N. J. Super.* 35, 41 (*App. Div.* 1958); *Roselle v. Wright,* 37 *N. J. Super.* 507, 515 (*Law Div.* 1955), affirmed 21 *N. J.* 400 (1956); *Rodee v. Lee,* 14 *N. J. Super.* 188, 191 (*Law Div.* 1951); *Concord Garden Apartments v. Board of Adjustment,* 1 *N. J. Super.* 301, 305 (*App. Div.* 1949); *Socony-Vacuum Oil Co., Inc., v. Mt. Holly Tp.,* 135 *N. J. L.* 112, 117 (*Sup. Ct.* 1947).

The plaintiff's real contention is that the off-street parking requirements of the amendatory ordinance are invalid on their face and as applied because they abridge "free-

dom of assembly and worship contrary to the state and federal constitutions." We consider this contention to be without merit. The off-street parking requirements are made indiscriminately applicable to all buildings where substantial numbers of people are likely to gather via private motor vehicles and are well designed to promote the public safety and general welfare by lessening "congestion in the streets." See *R. S.* 40:55–32; *James v. Bd. of Adjustment of Town of Montclair,* 40 *N. J. Super.* 206, 212 (*Law Div.* 1956); *2 Rathkopf, The Law of Zoning and Planning* (*3rd ed.* 1956), 397. They do not restrict the plaintiff's freedom of worship and assembly at its present quarters or at any suitable quarters in the AA residential zone or in any of the other zones in the borough or even at the plaintiff's relatively small lot on Hillside Avenue, if its plans are altered to reduce its proposed seating capacity and increase its proposed off-street parking facilities so as to comply with the terms of the amendatory ordinance. On the record before us we are not at all at liberty to say that the requirements have not been imposed in good faith and for the public interest or that they are unnecessary or excessive or that they are not substantially related to the promotion of the public safety and general welfare; they appear to come well within the principles expressed in cases which have heretofore held that property used for church purposes, along with property used for other purposes, may be lawfully subjected to reasonable zoning restrictions. See *Kurman v. Zoning Board of Adjustment, etc.,* 351 *Pa.* 247, 40 *A. 2d* 381 (*Sup. Ct.* 1945); *Galfas v. Ailor,* 81 *Ga. App.* 13, 57 *S. E. 2d* 834 (*App. Ct.* 1950); cf. *Congregation Temple Israel v. City of Creve Coeur,* 320 *S. W. 2d* 451, 456 (*Mo. Sup. Ct.* 1959); *Milwaukee Co. of Jehovah's Witnesses v. Mullen,* 330 *P. 2d* 5 (*Or. Sup. Ct.* 1958), appeal dismissed 359 *U. S.* 436, 79 *S. Ct.* 940, 3 *L. Ed. 2d* 932 (1959); *Minney v. City of Azusa,* 330 *P. 2d* 255 (*Cal. D. Ct. App.* 1958), appeal dismissed 359 *U. S.* 436, 79 *S. Ct.* 941, 3 *L. Ed. 2d* 932 (1959); *O'Brien v. City of Chicago,* 347

*Ill. App.* 45, 105 *N. E. 2d* 917, 920 (*App. Ct.* 1952); *Corporation of Presiding Bishop, etc. v. City of Porterville,* 90 *Cal. App. 2d* 656, 203 *P. 2d* 823 (*App. Ct.* 1949), appeal dismissed for want of a substantial federal question 338 *U. S.* 805, 70 *S. Ct.* 78, 94 *L. Ed.* 487 (1949); *Crolly, "Regulation of the Location of Churches by Municipal Zoning Ordinances,"* 23 *Brooklyn L. Rev.* 185, 199 (1957); *Note, "Exclusion of Churches from Residential Areas,"* 55 *Mich. L. Rev.* 601 (1957); *Note, "Churches and Zoning,"* 70 *Harv. L. Rev.* 1428 (1957).

In *Appeal of Trustees of Congregation of Jehovah's Witnesses, Bethel Unit,* 183 *Pa. Super.* 219, 130 *A. 2d* 240, 243 (*Super. Ct.* 1957), appeal dismissed for want of a substantial federal question 355 *U. S.* 40, 79 *S. Ct.* 120, 2 *L. Ed. 2d* 71 (1957), the Borough of Bethel had adopted an ordinance which contained an off-street parking requirement applicable to churches, schools, auditoriums, stadiums and similar places of assembly; it also provided that no such places shall be permitted within ¼ mile of each other. In a decision adverse to the appellant Jehovah's Witnesses, the board of adjustment found that its proposed church premises violated the off-street parking requirement and the ¼ mile requirement. The Pennsylvania court, in sustaining the board's decision, first noted that each of the requirements bore a reasonable relation to the safety of the public and then made these comments which are fully applicable here:

"Certainly freedom of worship does not mean that churches are exempt from reasonable police power regulations. Our Supreme Court in *Kurman v. Zoning Board of Adjustment of City of Philadelphia,* 351 *Pa.* 247, 40 *A. 2d* 381, determined that setback requirements are applicable to properties used for church purposes. The concepts of religious freedom, freedom of speech and the press which are embodied in the First Amendment have never been construed as absolute rights and beyond the power of reasonable regulation under the police power. *Board of Zoning Appeals of Decatur v. Decatur, Ind. Co. of Jehovah's Witnesses,* 233 *Ind.* 83, 117 *N. E. 2d* 115, 123. The language used at page 123 of 117 *N. E. 2d* [dissenting opinion] is applicable to the present case: 'It is quite evident that the

members of the appellee could be killed just as dead going to and from church as going to and from a theater or a basketball game. It is a proper exercise of the police power to protect appellee's members from their own negligence as well as from the negligence of the traveling public. There would be just as much logic in holding that the members of appellee when going to church were not required to comply with the traffic regulations as in holding that the appellee is not required to make reasonable provisions for a lessening of the traffic hazards by off-street parking.

'If it was a proper exercise of the police power for the city by its zoning ordinance to require the appellee to comply with the average setback line of the residences, which only has a very remote bearing on traffic hazards, a fortiori it was a reasonable exercise of the police power to require appellee to provide space for 25 cars to park off the streets. The right of appellee to exercise its religious freedom is not violated in either case.' "

See *Sexton v. Bates,* 17 *N. J. Super.* 246, 256 (*Law Div.* 1951), affirmed *Sexton v. Essex County Ritualarium,* 21 *N. J. Super.* 329 (*App. Div.* 1952); *cf. Yanow v. Seven Oaks Park, Inc.,* 11 *N. J.* 341 (1953); *Ranney v. Istituto Pontificio Delle Maestre Filippini,* 20 *N. J.* 189 (1955).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.