LASSER, P. J. T. C.
Taxpayer seeks exemption from real property tax for the years 1977 — 1980 for vacant land partially used for parking for a church located on an adjoining parcel. Both are owned by taxpayer and are located in Block 356 in Morris Township. The vacant parcel is known as Lot 69A. The adjoining church parcel, Lot 57, is exempt from real property tax for the years in question.
Lot 69A contains 5.08 acres and is partially surfaced for parking. It was assessed as follows:
1977 - $27,400.
1978-1980 - $24,200.
For each of these four years the Morris County Board of Taxation affirmed the assessment and rejected taxpayer’s claim for exemption.
The following are the uncontested facts presented. Taxpayer is a religious organization entitled to exemption from real property tax under N.J.S.A. 54:4-3.6. Taxpayer’s use of the subject property is for a religious purpose. Prior to 1971 taxpayer purchased a six-acre parcel of land at another location in Morris Township for the purpose of constructing a church. In late 1971, when it became apparent to taxpayer that a parcel of land having a lot size larger than six acres would be necessary for the purpose of constructing the church, taxpayer arranged to purchase Lot 57 and Lot 69A. On June 14, 1972 Morris Township amended its zoning ordinance to make churches a special exception use in the R2 zone and to establish lot size requirements for churches. The church building was constructed entirely on Lot 57, which lot was granted an exemption. Taxpayer uses approximately 25% of Lot 69A for church parking.
Taxing district contends that prior to June 1972 there were no lot size requirements for churches and that after June 1972 a church of 21,000 square feet could have been built on Lot 57 without the necessity of acquiring Lot 69A.
Taxpayer contends that it had always intended to build a church containing 25,200 square feet and that it had no intention of building a church of only 21,000 square feet.
*574 Taxpayer seeks tax exempt status for the subject property based on Walz v. Tax Commissioner of New York City, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). Taxpayer argues that Walz held that the granting of tax exemption to religious institutions does not violate the principle of separation of church and state of the First Amendment of the United States Constitution because of the minimal and remote involvement between church and state when such exemptions are granted. Taxpayer contends that the involvement between church and state is greater when such exemptions are not granted. Taxpayer concludes from Walz that total tax exemption is required for the subject property to avoid excessive governmental entanglement with religion. Taxpayer further contends that the failure to exempt Lot 69A from taxation interferes with taxpayer’s freedom of worship and assembly. Taxpayer contends that since the zoning ordinance required the purchase of the subject property to permit the proposed church construction, tax exemption for the full ten acres should be granted pursuant to N.J.S.A. 54:4-3.6.
Taxing district contends that the clear language of N.J.S.A. 54:4-3.6 limits land exemption to five acres for each building. This statute provides in pertinent part:
The following property shall be exempt from taxation under this chapter: ... all buildings actually and exclusively used... for religious worship... or for religious purpose... the land whereon any of the buildings hereinbefore mentioned are erected and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed 5 acres in extent.. ..
The taxing district also argues that the religious guarantees of the First Amendment yield when in conflict with legitimate exercise of the police power.
Taxpayer’s reliance on Walz is misplaced. Walz holds that exemptions granted to religious organizations do not violate the religion clauses of the First Amendment if such grants are uniformly applied to all houses of worship. It does not hold that unlimited exemption must be granted to religious organizations.
The power to grant or enlarge exemption from taxation resides in the Legislature and may be exercised by that body *575 consistent with state and federal constitutional requirements. N.J. Const. (1947), Art. VIII, § I, par. 2; Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 118 A.2d 809 (1955); Camden v. Camden Cty. Bd. of Taxation, 2 A.2d 40, 121 N.J.L. 262 (Sup.Ct.1938), aff’d 5 A.2d 688, 122 N.J.L. 381 (E. & A. 1939). The five-acre exemption limitation is applied uniformly to all religious organizations and is thus a valid exercise of legislative authority not violative of state or federal constitutions. See Walz, 397 U.S. at 673-674, 90 S.Ct. at 1413-1414. In Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 401, 371 A.2d 22 (1977), the court upheld exemptions granted pursuant to N.J. S.A. 54:4-3.6 and stated that the statute specifically limits exemption to five acres of land per building. Id. at 402, 371 A.2d 22; Pingry Corp. v. Hillside Tp., 46 N.J. 457, 465-466, 217 A.2d 868 (1966).
Taxpayer does not question the validity of the zoning ordinance or its lot size provision. Its attack here is upon the failure to grant tax exemption to Lot 69A. Taxpayer does not contest the valuation of the parcel if exemption is not granted. Taxpayer argues that the five-acre limitation is in conflict with the lot size requirement that must be increased to grant exemption to all of the land area of Lot 69A. The lot size requirement and the five-acre limitation are not in conflict. They coexist as valid exercises of the police power and the taxation power. The First Amendment does not require that the five-acre limitation be increased to conform to the zoning ordinance lot size provision.
In Allendale Congregation of Jehovah’s Witnesses v. Grosman, 30 N.J. 273, 152 A.2d 569 (1959), our Supreme Court held constitutional a zoning ordinance requiring churches and other public buildings attracting motor vehicles to have minimum off-street parking facilities depending on the number of seats in the building. Rejecting the argument that taxpayer’s rights of freedom of worship and assembly were abridged by the ordinance, the court cited with approval Appeal of Trustees of Congregation of Jehovah’s Witnesses, Bethel Unit, 183 Pa.Super. 219, 130 A.2d 240 (Super.Ct.1957), app. dism. for want of a substantial federal question, 355 U.S. 40, 78 S.Ct. 120, 2 L.Ed.2d *576 71 (1957). The New Jersey Supreme Court quoted from this Pennsylvania case as follows:
Certainly freedom of worship does not mean that churches are exempt from reasonable police power regulations... The concepts of religious freedom, freedom of speech and the press which are embodied in the First Amendment have never been construed as absolute rights and beyond the power of reasonable regulation under the police power. [At 279, 152 A.2d 569.]
See Kurman v. Zoning Bd. of Adj., 351 Pa. 247, 40 A.2d 381 (Sup.Ct.1945); Galfas v. Ailor, 81 Ga.App. 13, 57 S.E.2d 834 (App.Ct.1950); Note, “Churches and Zoning,” 70 Harv.L.Rev. 1428 (1957).
We hold that the five-acre limitation does not violate taxpayer’s First Amendment rights of freedom of religion when an unchallenged zoning ordinance requires a lot size in excess of five acres.
The Clerk of the Tax Court is directed to enter judgment in favor of the defendant, Morris Township.