32808. ·GALFAS, trustee *v.* AILOR *et al.*
32809. AILOR *et al v.* GALFAS, trustee.

DECIDED FEBRUARY 17, 1950.

*R. Victor Levy, Herbert Johnson, Ross Arnold, Grover C. Powell,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for defendants.

SUTTON, C. J. Timothy Galfas applied to the Board of Zoning Appeals of the City of Atlanta for a permit to erect a church building on a certain described tract of land in the city and after a public hearing the permit was denied. 'He then petitioned the superior court for certiorari and the writ was sanctioned. The motion of the City of Atlanta to dismiss the certiorari was ·denied, but the trial judge overruled and dismissed the certi-·orari. Galfas. then excepted to the judgment overruling and ·dismissing the certiorari, naming the members of the Board of Zoning Appeals as defendants in error, and these defendants in error in a cross-bill of exceptions excepted to the judgment over-·ruling the City of Atlanta's motion to dismiss the certiorari. The cases went to the Supreme Court, and that court transferred them to this court. *Galfas* v. *Ailor,* 206 *Ga.* 76 (55 S. E. 2d, 582).

From the evidence adduced at the hearing before the Board of Zoning Appeals the following appears: The building permit was desired in order to erect a church building for a group of Jehovah's Witnesses. There are about 175 members in this congregation. About 170 people will attend meetings on Sunday, 15 or 20 people will attend meetings on Tuesday, and 135 or 140 people will attend meetings on Thursday. The Thurs-

day meetings stay in session later than the others, but are usually over by 9:20 p. m. All services are quiet. On an average 26 to 30 members attend meetings in their automobiles. It is the policy of a congregation to divide when it has over 200 active workers. The tract of land in question is on the east side of Juniper Street, N. E., between Eighth and Tenth Streets, and is approximately 95 feet wide and 150 feet deep. The proposed church building would be 50 feet wide and 84 feet long, and the plan indicates that a driveway would extend entirely around the building, with two entrances on Juniper Street, with parking facilities along the sides of the driveway and in the rear of the building. Traffic in this vicinity on Juniper Street is often congested, and persons residing on the street are often unable to park their automobiles in front of their homes. The immediate area is residential, but business establishments are located on adjacent streets. The foregoing evidence was adduced from sketches and plats showing the size and location of the property and the immediate vicinity, and the size of the proposed building, and from witnesses in favor of the proposed plan and witnesses who objected to the erection of a church in the area. It was the conclusion of the petitioner, Galfas, that after the proposed building was erected space would be available for 15 automobiles on each side of the building, and for 9 automobiles in the rear, for a total of 39. He also suggested that the automobiles could be double-parked in the rear, for a total of 48, and made the further suggestion that, if automobiles could be parked every 8 feet, space would be available for more than 60 automobiles.

The grounds of the motion of the City of Atlanta to dismiss the certiorari were that the certiorari bond had not been approved by the Board of Zoning Appeals, in that it had only been approved by one of the members who is chairman; and that the affidavit of the petitioner for certiorari as required under Code § 19-205 was void, in that it was witnessed by one of the attorneys of record for the petitioner, in violation of § 9-605.

Irrespective of whether the City of Atlanta should be the defendant in error in the main bill of exceptions and the plaintiff in error in the cross-bill of exceptions (the attorneys of record

for the city and the board are the same, and acknowledged service; see *Gilliam* v. *Etheridge*, 67 *Ga. App.* 731, 21 S. E. 2d, 556), and Code §§ 6-912, 6-913, 6-1202, 6-1304 et seq.); or whether the certiorari bond was not properly approved; or whether the affidavit attached to the petition for certiorari as required by Code § 19-205 was void in that it was officially witnessed by an attorney of record for the plaintiff in certiorari; this court is of the opinion that the action of the Board of Zoning Appeals was authorized, and inasmuch as this is controlling and will require an affirmance of the judgment of the superior court overruling and dismissing the certiorari, it is not deemed necessary to rule on any of the other questions above stated.

The Board of Zoning Appeals, in denying the permit, determined that after taking into consideration the building setback line on the property, that is, that the front of the building would be set back 45 feet from the front line of the lot, space would be available for parking approximately 15 vehicles on the site with the proposed building located thereon, and that to permit any additional concentration of vehicles in the area would create a serious traffic hazard. Under the Constitution of this State, and the enabling act of the General Assembly (Ga. L. 1929, p. 818, 827) the City of Atlanta has a broad authority as to zoning, and in the establishment of districts and regulations, classification may be on any basis "relevant to the promotion of the public health, safety, order, morals, conveniences, prosperity, or welfare." It is indicated by the record that a church is among those uses of property enumerated as Class U-7 under the zoning ordinances and regulations, wherein the discretion and judgment as to the location thereof is vested in the Board of Zoning Appeals of the city. The courts will not control this discretion unless it is manifestly abused. *City of Atlanta* v. *Awtry & Lowndes Co.*, 205 *Ga.* 296 (53 S. E. 2d, 358). Under the record before this court in the present cases it does not appear that there was an abuse of the discretion and judgment vested in the Board of Zoning Appeals in determining that it was undesirable to permit the location of a church at the proposed site in that it would likely create a serious traffic problem, considering the number of vehicles that would be

brought into the area and the number of those which could be parked off the street and around the proposed building. It follows that the judge of the superior court did not err in overruling and dismissing the certiorari. The cross-bill will be dismissed.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Felton and Worrill, JJ., concur.*