GALFAS et al. v. CITY OF ATLANTA et al.

No. 13657.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1952.

Hayden C. Covington, Brooklyn, N.Y., for appellant.

J. C. Murphy, Asst. City Atty., J. C. Savage, City Atty., J. M. B. Bloodworth, Asst. City Atty., John E. Feagin, Asst. City Atty., and Henry L. Bowden, Asst. City Atty., all of Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The primary question in this appeal is whether the trial Court, in the exercise of its equitable jurisdiction, committed an abuse of discretion in refusing to enjoin the City of Atlanta, through its Board of Zoning Appeals and its Building Inspector, from attempting to in anywise enforce the Zoning Ordinances of the City against the appellants. This was part of the relief for which the appellants prayed. We hold that under the circumstances present there was no abuse of discretion.

The proceeding arose by the filing of a complaint for injunction and declaratory judgment by named plaintiffs as members of, or, Jehovah's Witnesses, for themselves and as a class action for all others of "Jehovah's Witnesses similarly situated in the State of Georgia and particularly the said federal Northern District of Georgia." Appellant Timothy Galfas sued "herein also as a trustee for the congregation of Jehovah's Witnesses located in the City of Atlanta, including the other named plaintiffs, by reason of the fact that he holds title as trustee for said plaintiffs to the property hereinafter described." The action was expressly brought to redress deprivation of plaintiffs' civil and property rights by defendants in interfering with lawful religious assemblies, and the court was asked to "vindicate plaintiffs", and to declare their specified rights had been wrongfully interfered with contrary to the Civil Rights Acts,[1] and the provisions of the First and Fourteenth Amendments to the Constitution of the United States and to enjoin such interference. Jurisdiction, by virtue of

1. Specified as 8 U.S.C. Sections 41, 42, 43, 47 and 49.

Section 1343 of Title 28 U.S.C., is predicated upon the claim of these Federal questions.

After relating the engagement of plaintiffs as ministers "engaged in the charitable work of preaching the gospel of God's Kingdom in Atlanta" both, by missionary work publicly and from house to house, and by the maintenance and operation of places of worship which have been carried on in the City of Atlanta for many years, the complaint details the purchases of, and unsuccessful attempts to secure permits for building a church on, two described lots in the City of Atlanta. One will be referred to as the Juniper Street lot; the other as the Gordon Street property. A third property, on Flat Shoals Avenue, was purchased and was in use, but because of the specified arbitrary and unconstitutional action of defendants in refusing the two permits applied for, plaintiffs made no attempt to comply with any zoning ordinance or regulations of the defendants with reference to a permit at this location, "but have, on the contrary, proceeded to maintain a church" there without a permit. They have likewise been carrying on such services and maintaining a place of religious assembly at the Gordon Street property notwithstanding the denial of their application for a permit to convert the premises into a church. The defendants have notified plaintiffs to discontinue the maintenance of such places and that in default "the defendants will proceed as the law directs." The Juniper Street lot was sold following the determination, adversely to the contentions of appellant Galfas, of litigation in the State Courts seeking to require the issuance of the permit sought.[2]

The complaint sets forth the charter provisions of the City of Atlanta authorizing zoning; the creation of the defendant Board; and provisions of the zoning ordinances establishing use groups. It appears that churches are placed in "Class U7 Uses"[3] and require a special permit [4] which may be granted by the Board of Zoning Appeals "provided such use in such location will in the judgment of the Board of Zoning Appeals substantially serve the public convenience and welfare and will not substantially and permanently injure the appropriate use of the neighboring property." These provisions, and also one which purports to authorize such Board to condition the grant of a permit upon the adequacy of "off street" parking provided,[5] are attacked as void on their face because an abridgement of plaintiffs' right to freedom of assembly and freedom of worship. The broad basis of this claim is that the City can place no restriction upon the location of a place of religious worship. As an alternative ground of attack it is asserted that the provisions of the ordinances as construed, applied, and enforced against plaintiffs by defendants are void upon the same grounds, and deprive plaintiffs of their liberty and property without due process of law; deny them equal protection of the law, and have been discriminatorily enforced and applied against plaintiffs. Reasons why these grounds of attack are claimed to be true, and why such conduct further constitutes the deprivation of plaintiffs' rights, are set forth.

The claim of "great, immediate and irreparable injury" which is said to be imminent is that plaintiffs will be denied and deprived of the right to hold religious assemblies in such places, and have suffered, and will continue to suffer, humiliation, disgrace, and mortification by such denial, as also the loss of good will and respect which will render it impossible for plaintiffs to secure attendance at such services by the people of Atlanta, and they will lose the use of the properties as churches and be deprived of the exercise of their civil rights thereon. The defendants responded by motion to dismiss and answer.

2. Galfas v. Ailor, 81 Ga.App. 13, 57 S.E. 2d 834.
   Galfas likewise appealed from the Board's denial of the permit for the Gordon Street property but the certiorari was dismissed by the Superior Court because of a technical defect in the proceeding. There was no further appeal.

3. Section 93–203 Code of the City of Atlanta.

4. Section 93–209 ibid.

5. Section 93–223 ibid.

Upon the hearing the Court withheld a ruling upon the motion to dismiss until he had heard the testimony. The plaintiffs adduced testimony in support of the complaint and called certain of the defendants for cross-examination upon the features of discrimination and arbitrary action claimed. Thereafter the Court filed an opinion and in accordance therewith made findings of fact which summarized the prior proceeding before the Board and in the State Courts, to which we have referred. He found that the Juniper Street lot had been sold; that plaintiffs were continuing to use the other properties for church services; that the City of Atlanta and other defendants could not punish any one for violations but Galfas, the title-holder, and could not make criminal cases against any other persons for worshiping in either of the properties, nor, under the zoning ordinances, interrupt any religious services there. That in any prosecution of Galfas he could, upon conviction, appeal by certiorari through the State Courts to the United States Supreme Court, and he was not entitled to injunction. That no action was threatened except such a trial of Galfas and that the plaintiffs showed no such imminent danger of irreparable injury as to entitle them to injunctive relief. As conclusions of law, the Court adjudged jurisdiction; that the ordinances attacked were constitutional; that Galfas was not entitled to injunction, as to the Flat Shoals Avenue property because he had not applied for a permit, and as to the Gordon Street property because the only threatened injury was the imminence of prosecution; the Courts of Georgia have had no opportunity to pass upon the alleged unconstitutionality of the ordinances as enforced, and all constitutional attacks may be made by way of defense of Galfas in any prosecution; that no rights of the other plaintiffs are threatened; and, because of the adjudged constitutionality of the ordinances, nothing remained to be adjudicated by declaratory relief. It was concluded that the plaintiffs were not entitled to an injunction.

After the facts were developed at the hearing, the fundamental issue which emerged was whether the federal Court was required to declare the ordinances invalid and enjoin the official defendants from enforcing them. The determination involved consideration of the "doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion', restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971. Appropriate to this was the nature and immediacy of the claimed irreparable injury, the existence of which is essential to justify such restraint, and the established policy which chooses State Courts as the preferable forum for adjudication of the question whether local statutes offend the Federal Constitution, since these courts, equally with the federal courts, are charged with the duty of safeguarding constitutional rights, and, under our dual system of government, have the authoritative say on the construction and meaning of state statutes. Shipman v. Du Pre, 339 U.S. 321, 70 S.Ct. 640, 94 L. Ed. 877; Watson v. Buck, 313 U.S. 387, 401, 61 S.Ct. 962, 85 L.Ed. 1416; Beal v. Missouri Pac. R. Co., 312 U.S. 45, 61 S. Ct. 418, 85 L.Ed. 577. The Court found that the plaintiffs other than Galfas were not threatened with criminal prosecutions. This is not challenged here. The petition admitted, and the Court found, that the plaintiffs continued to use the premises in question for assembly and religious meetings. Upon its examination of the local law the Court found that the challenged ordinances gave no power to interrupt religious services and that the defendants had neither threatened nor intended to do so; that the only provision for criminal or quasi-criminal sanctions was prosecution of Galfas, the title-holder of the property. The Court was therefore authorized to find that the petitioners as members or ministers had failed to establish their

claim of great and immediate injury, and this feature of the case did not require the issuance of the injunction sought. Whatever their proper force in other proceedings, the claim of humiliation and disgrace said to result from the plaintiffs' continued use of the church property, under cloud of the defendants' claim of violation, and the assertion of a lessening of opportunity of propagation of plaintiffs' faith, under the circumstances here present are not sufficient to outweigh the considerations of policy which obtain in a case like the present. Neither do such claims present that clear danger to, or deprivation of, property which provides an exception to the doctrine of abstention, as contended by plaintiffs.

■ There remains the question of the right of Galfas to enjoin the apprehended criminal prosecution. He had no such right. The well established rule that courts of equity will not ordinarily restrain criminal prosecutions is peculiarly appropriate to be applied by the federal court where the threatened action is prosecution in the State Court by State officers of an alleged violation of state law. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 882, 87 L.Ed 1324; Beal v. Missouri Pac. R. Co., supra, 312 U.S. at page 49, 61 S.Ct. at page 420, and citations; Watson v. Buck, supra; City of Miami v. Sutton, 5 Cir., 181 F.2d 644; Spence v. Cole, 4 Cir., 137 F.2d 71; Whisler v. City of West Plains, 8 Cir., 137 F.2d 938.

■ The assertion of a claim of deprivation of civil rights affects no abrogation of the rule. Stefanelli v. Minard, 1951, 72 S.Ct. 118. We have held that a claim for declaratory relief likewise was no justification for relaxation of the referred to restrictions upon the exercise of jurisdiction in such cases by the federal Courts. City of Miami v. Sutton, supra.

Compare Rescue Army v. Municipal Court, 331 U.S. 549, 571, note 37, 67 S.Ct. 1409, 91 L.Ed. 1666. Consideration of the authorities, to some of which we have referred, leads to the thought that in cases such as the present the matter fundamental to determination of the propriety of the exercise of federal jurisdiction is the nature and necessity of the relief sought rather than the basis of the right, whether constitutional, civil rights statute, or the declaratory judgment Act, under which it is claimed to be due.

■ Neither the facts present, nor the law applicable, nor both, required the Court to grant an injunction in this case, and its judgment refusing to do so is affirmed. However, when the Court determined to so exercise its discretion, it should not have further proceeded to consider and pass upon the constitutionality of the ordinance attacked. Implicit in both the "doctrine of abstention" and the principle of refusal to enjoin criminal prosecutions is the reciprocal requirement that the party and the proceeding to which he is remitted be absolutely unprejudiced by any determination upon the merits by the federal Court. To achieve this result we vacate and set aside any and all rulings of the Court and its consequent judgment with respect to the constitutionality of the ordinances and the validity of the actions of the defendants thereunder so as to leave these matters free from intimation or expression of opinion or ruling. Direction is given that upon the coming down of the mandate the trial Court make appropriate entry to amend its records so they will evidence the vacation and setting aside which we have adjudged.

As thus modified, the judgment is affirmed.