Walter W. WOLFE, M. Michael Botelho and Textile Workers Union of America, AFL-CIO, an Unincorporated Association, Plaintiffs,

v.

CITY OF ALBANY, GEORGIA, and Asa D. Kelley, Jr., Mayor, Buford Collins, George Johnston, R. H. Warren, C. B. Pritchett, Jr., Jim Denson, Leon W. Mott, Commissioners, and Lawrence (Lawrie) Pritchett, Chief of Police, Defendants.

Civ. A. No. 645.

United States District Court
M. D. Georgia,
Albany Division.

Aug. 18, 1960.

J. R. Goldthwaite, Jr., Atlanta, Ga., for plaintiffs.

H. G. Rawls, Albany, Ga., for defendants.

BOOTLE, District Judge.

This is a complaint brought by Textile Workers Union of America, a labor organization, Walter W. Wolfe, its staff organizer and representative, and M. Michael Botelho, its regional director, in their own behalf and on behalf of all members of said organization, against the City of Albany, Georgia, its Mayor, its Commissioners, and its Chief of Police, seeking an injunction enjoining the defendants from enforcing against them that certain ordinance adopted by the Commissioners of the City of Albany on September 12, 1944, reading as follows:

*"Section I.* Handbills, cards and circulars.

"No person shall throw, cast or distribute or cause or permit to be thrown, cast or distributed, any handbill, circular, card, booklet, placard or other advertising matter whatsoever, in or upon any street or public place, or in a front yard or court yard, or on any stoop, or in the vestibule or any hall of any building, or in a letterbox therein within the corporate limits of the City of Albany, Georgia; provided that nothing herein contained shall

be deemed to prohibit or otherwise regulate the delivery of any such matter by the United States Postal service, or prohibit the distribution of sample copies of newspapers regularly sold by the copy or by annual subscription. This section is not intended to prevent the lawful distribution of anything other than commercial and business advertising matter.

"*Section II.* That any person violating any provision of this ordinance shall, upon conviction thereof in the Police Court, be punished as prescribed in Section 455 of the City Code."

The defendants filed their motion to dismiss the complaint and the court ordered that the hearing and determination of that motion be deferred until the trial of the case. The case has been tried and this memorandum is intended as sufficient compliance with Fed.R.Civ.P. 52, 28 U.S.C.A. as to findings of fact and conclusions of law.

A. & M. Karagheusian, Inc. is a rug manufacturing employer operating at Albany, Georgia, and its business affects interstate commerce within the meaning of the National Labor Relations Act, as amended (29 U.S.C.A. § 151, et seq.). Textile Workers Union of America (hereinafter called TWUA), unsuccessfully attempted to organize its employees in 1958 and renewed its efforts in February, 1960. Convenient and helpful in organizing efforts would be the distribution on the City's streets and sidewalks at or near the employer's plant of printed bulletins and handbills containing information favorable to organized labor. TWUA's representatives made such distribution in 1958 without objection on the part of the City. Mr. Wolfe renewed such distribution in April, 1960, and, after handing leaflets to employees working on the first and second shifts and before handing them to employees on the third shift, was advised by the Chief of Police of the existence of said ordinance and that its penal provision would be enforced against Wolfe if he made

any further distribution and that a separate case would be made for each distribution. Mr. Wolfe then contacted his attorney, Mr. Goldthwaite, who telephoned Mayor Kelley, calling the latter's attention to the fact that the ordinance provides it is "not intended to prevent the lawful distribution of anything other than commercial and business advertising matter." Mayor Kelley failed to agree with Mr. Goldthwaite that the ordinance did not apply to the distributions desired by plaintiffs and would not instruct the Chief of Police that it did not apply. Mr. Goldthwaite later telephoned Chief Pritchett, who, likewise, would not agree that the ordinance did not apply. The Chief stated further that there had been no change in the City's policy. Mr. Goldthwaite inquired whether the Chief would permit Mr. Wolfe to make distribution to the third shift. The Chief's reply was in the negative. Mr. Goldthwaite then inquired whether if Mr. Wolfe began making distribution to the third shift the Chief would be willing to arrest him upon the delivery of one handbill and then let him continue without further arrests. The Chief again replied in the negative and stated, in effect, that separate and individual cases would be made.

Thereupon plaintiffs decided to refrain from, and have refrained from, further distribution of handbills and instituted this proceeding.

Section 455 of the City Code of Albany, referred to in Section II of the above quoted ordinance, permits a maximum imprisonment of 60 days and a maximum fine of $200 and the Recorder may impose all or any portion of either or both of said punishments.

TWUA has approximately 12,000 members in the carpet and rug industry, and represents as exclusive bargaining representative a much larger number holding approximately 20 contracts or representative bargaining agreements in the industry. Formerly the rug industry was devoted primarily to conventional weaving, but recently the tufted process has attained ascendancy. Tufted rugs re-

quire a latex or rubber back. A worker can produce three, four or five times as much tufted material as conventional. The tufted material sells at retail for about $1 or $1.50 less per square yard.

TWUA at one time organized about 85% of the woven industry and now has about 50% of it. It has two tufted plants under contract.

TWUA represents the employees of Karagheusian in its Freehold and Roselle Park, New Jersey plants and, under the existing collective bargaining agreements, has obtained for the New Jersey employees higher wages and more fringe benefits than those obtaining at the Albany plant.

Quite collateral to this case is the fact that the City of Albany also has an ordinance, adopted July 14, 1959, requiring obtaining from the City Clerk a license by every person who within the City solicits membership in any club, association or union where there is any charge for membership and prescribing as prerequisite to obtaining the license a showing that the applicant is of good moral character, has never been convicted of any offense against the laws of any state or of the United States, is not and never has been affiliated with any organization or group having Communistic beliefs, and payment of the sum of $25 as a license fee, as well as the additional fact that Mr. Wolfe and TWUA are presently testing the validity of the latter ordinance in the State Courts.

■ Under the allegations that under color of a state ordinance plaintiffs are deprived of their rights of freedom of press and freedom of speech guaranteed to them by the First and Fourteenth Amendments, this court has jurisdiction of this controversy. 42 U.S.C.A. § 1983; 28 U.S.C.A. §§ 1343, 1337; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 161, 63 S.Ct. 877, 87 L.Ed. 1324, 1328; Denton v. City of Carrollton, Georgia, D. C.N.D.Ga.1955, 132 F.Supp. 302, 303; Denton v. City of Carrollton, Georgia, 5 Cir., 1956, 235 F.2d 481, 484.

■ Notwithstanding the authority of this court, petitioners are entitled to the relief sought "only if they establish a cause of action in equity. Want of equity jurisdiction, while not going to the power of the court to decide the cause * * * may nevertheless, in the discretion of the court, be objected to on its own motion. * * * Especially should it do so where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court." Douglas v. City of Jeannette, supra, 319 U.S. at page 162, 63 S.Ct. at page 880, 87 L.Ed. at page 1328.

The Douglas v. City of Jeannette case, supra, is authority for holding that the injunctive relief which plaintiffs seek should not be granted. There the court said:

"The power reserved to the states under the Constitution to provide for the determination of controversies in their courts may be restricted by federal district courts only in obedience to Congressional legislation in conformity to the Judiciary Article of the Constitution. Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. * * *

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is

immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. * * * Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate'. * * *

"It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court. In these respects the case differs from Hague v. Committee for Industrial Organization, supra (307 U.S. [496] 501, 502, 83 L.Ed. [1423] 1429, 1430, 59 S.Ct. 954), where local officials forcibly broke up meetings of the complainants and in many instances forcibly deported them from the state without trial."

It seems to this court that the Supreme Court, in Douglas v. City of Jeannette, supra, has answered all of plaintiffs' contentions. As to their claim of irreparable injury, they have been threatened with no injury "other than that incidental to every criminal proceeding brought lawfully and in good faith." The case cited significantly distinguished Hague v. Committee for Industrial Organization "where local officials forcibly broke up meetings of the complainants and in many instances forcibly deported them from the state without trial." In City of Miami v. Sutton, 5 Cir., 1950, 181 F.2d 644, there was a threat of a series of vexatious arrests, but the Court said:

"* * * [T]he question of apprehended multiple prosecutions could only arise upon continued and persistent engagement in the new business in disregard of the adjudications by the municipal or state courts in which the question of the legality of the proposed business should properly be made. It is true that they are confronted with the necessity of determination of whether their proposed business operations fall within the regulations of the ordinance, but the situation is no different from numerous instances in the law 'where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death;' Nash v. United States [1913], 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232. The complaint presents no ground authorizing the issuance of an injunction to prevent multiple prosecutions." 181 F.2d at page 648.

Moreover, the Court, in American Federation of Labor v. Watson, 1946, 327 U.S. 582, 594, 595, 66 S.Ct. 761, 767, 90 L.Ed. 873, 881, has said: "The threat of multiplicity of prosecutions which is here alleged would not alone be sufficient to establish a cause of action in equity."

As to plaintiffs' complaint of delay in state court procedures this court could not "by withdrawing the determination of guilt from the state court * * *

rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued" to the Supreme Court. Douglas v. City of Jeannette, supra, 319 U.S. at page 164, 63 S. Ct. at page 881, 87 L.Ed. at page 1330.

The decision in Douglas v. City of Jeannette, supra, is all the more meaningful because there the Court was dealing with a statute which it had on the same day held unconstitutional. Murdock v. Pennsylvania, 319 U.S. 105, 63 S. Ct. 870, 87 L.Ed. 1292. The ordinance involved in the instant case, however, is concededly constitutional on its face. Valentine v. Chrestensen, 1942, 316 U.S. 52, 54–55, 62 S.Ct. 920, 921, 86 L.Ed. 1262, 1265, and its constitutionality is challenged only as it is interpreted and threatened to be applied by defendants to the particular activities and pamphlets of plaintiffs. Under Valentine v. Chrestensen, supra, if what the plaintiffs are doing is merely "communicating information and disseminating opinion" the ordinance can not cramp them, while if what they are doing is "distributing commercial advertising" the prohibition of the ordinance can be lawfully invoked against them. " * * * [T]he problem of drawing the line between a purely commercial activity and" the activity of "communicating information and disseminating opinion" will at times be a difficult one. Murdock v. Pennsylvania, supra [319 U.S. 105, 63 S.Ct. 874]. No reason is apparent, however, why the state courts cannot construe this ordinance in the light of the facts of this controversy, as well as the federal courts, and under the doctrine of comity and abstention this court should not assume jurisdiction until this ordinance has been construed by the state courts.

"The determination [of whether an injunction should issue] involved consideration of the 'doctrine of abstention appropriate to our federal system whereby the federal courts, "exercising a wise discretion", restrain their authority because of "scrupulous regard for the rightful independence of the state governments" and for the smooth working of the federal judiciary.' * * * Appropriate to this was the nature and immediacy of the claimed irreparable injury, the existence of which is essential to justify such restraint, and the established policy *which chooses State Courts as the preferable forum for adjudication of the question whether local statutes offend the* Federal Constitution, since these courts, equally with the federal courts, are charged with the duty of safeguarding constitutional rights, and, under our dual system of government, have the authoritative say on the construction and meaning of state statutes." (Emphasis supplied). Galfas v. City of Atlanta, 5 Cir., 1952, 193 F.2d 931, 934.

█ Having reached the conclusion that this court should not exercise its jurisdiction in the premises it would not be proper for this court to express any opinion with respect to the validity or constitutionality of the ordinance involved if applied as defendants fear it will be, Galfas v. City of Atlanta, supra, 193 F.2d at page 935, and no opinion is expressed on that question.

This case does not present the "combination of circumstances" constituting the basis of the decision in Denton v. City of Carrollton, Georgia, 5 Cir., 1956, 235 F.2d 481, 486.

█ This doctrine of comity and abstention applies not only to state court proceedings already begun, but also to proceedings only threatened. Douglas v. City of Jeannette, supra; Stefanelli v. Minard, 1951, 342 U.S. 117, 122, 72 S.Ct. 118, 96 L.Ed. 138.

*Accordingly, all of the prayers of the complaint will be denied and counsel for defendants may prepare an appropriate order and submit it to the court, after giving counsel for plaintiffs five days for suggestions as to form.*