19456

William F. WHITFIELD, Appellant, v. Richard E. SEABROOK, JR., et al., Respondents

(190 S. E. (2d) 743)

*Charles S. Bernstein, Esq.,* of *Bernstein, Halio & Manos,* Charleston, *for Appellant,*

*Messrs. Ben Scott Whaley, County Attorney,* and *Thomas D. Wise, Asst. Cty. Atty.,* of Charleston, *for Respondents,*

July 18, 1972.

Moss, Chief Justice.

The County of Charleston, on August 4, 1971, through its building inspector, issued to William F. Whitfield, the appellant herein, who then had a verbal agreement to purchase two lots on Joye Avenue in the West Ashley section of Charleston, a permit to construct thereon one building consisting of twelve apartments. Prior to August 15, 1971, there were no zoning regulations affecting the property in question.

It appears that on August 3, 1971, Charleston County Council gave final reading to a zoning ordinance with an effective date of August 15, 1971, which provides *inter alia,* as follows:

"If, before the effective date of this ordinance, or amendment thereof, a building permit was lawfully issued for a structure not in conformity to this ordinance, or such amendment, the construction authorized by such permit may not be started after such date."

At the time the appellant obtained the aforesaid building permit, he was advised by the official issuing the permit that the effective date of the aforesaid ordinance was August 15, 1971, and that he would be required to have commenced construction of the project by that date.

It is admitted that the appellant did not commence any construction on or before August 15, 1971, the effective date

of the zoning ordinance. The appellant was notified on October 12, 1971, that the building permit was void because of a lack of compliance with the zoning ordinance. The appellant instituted this action seeking an order of the court declaring that he had a right to construct the apartment building upon the Joye Avenue lots.

Issue having been joined, this case came on for trial before the Honorable Theodore D. Stoney, judge of the Charleston County Court, on November 4, 1971, at which time a full hearing was had and both parties submitted verbal and documentary evidence. Thereafter, on December 4, 1971, the trial judge issued his order holding that the building permit was properly voided by the building inspector and found that no vested rights had been established by the appellant under the building permit. This appeal followed.

We think this appeal can be disposed of by determining whether the building inspector of Charleston County had the legal right to revoke the building permit issued to the appellant on August 4, 1971.

The appellant testified that he commenced negotiations for the purchase of the Joye Avenue property during the last two weeks of July, 1971, and entered into a verbal contract with the seller for the purchase thereof, contingent upon his obtaining approval of the use of the site as an apartment complex. He further testified that he had prepared detailed plans and specifications for the construction of the apartment complex and submitted such to the building inspector's office on July 29, 1971. These plans were returned to him on the same day with the request that certain changes be incorporated therein. He testified that the modifications as requested were incorporated into the plans and re-submitted on August 3, 1971 and the building permit for the proposed project was issued on August 4, 1971. He further says that on August 6, 1971, he paid $1,000 under the verbal contract for the purchase of the land. The same basic building plan for the construction of the apartment complex was to be utilized,

with adjustments, for another apartment complex to be constructed by the appellant. The cost of the plans attributable to the Joye Avenue property was $125.00. The appellant admitted that no foundation work or clearing was done on the Joye Avenue property prior to August 15, 1971, although, he did testify that a contract in the amount of $38,400 for the purchase of materials to be used on that site was signed on August 3, 1971. He further testified that he obtained title to the Joye Avenue property on September 13, 1971.

Under the zoning ordinance adopted on August 3, 1971, with an effective date of August 15, 1971, Joye Avenue property was declared to be a single family residential area and such would prohibit the building of an apartment complex in said area.

It is the position of the appellant that upon receiving the building permit on August 4, 1971, and his actions pursuant thereto, created in him a vested property right prior to August 15, 1971, the effective date of the zoning ordinance.

The building permit issued to the appellant created no vested right, it merely authorized him to act if he, at a time when it was lawful, exercised the privilege granted him, he thereby acquired a property right which would be protected; but he could not remain inactive until August 15, 1971, the effective date of the ordinance in question, and deny its application to him. Under the provisions of the ordinance in question, it was necessary for the appellant to show that construction on the apartment complex had been actually commenced by August 15, 1971.

The expenditures for plans and specifications for the contemplated apartment complex were incurred prior to the issuance of any building permit to the appellant. The contract for the purchase of materials to be used in the construction of the apartment complex was made on August 3, 1971, and could not have been made in reliance on the building permit which was thereafter issued on August 4,

1971. As is heretofore stated when the building permit was obtained, the appellant knew and was fully advised that he would be required to have commenced construction of the apartment no later than August 15, 1971. It affirmatively appears that no construction work had been done on the subject project by that date. It was found that some work was commenced on September 28, 1971, long after the effective date of the zoning ordinance and after September 15, 1971, when a tentative revocation notice was given to the appellant.

In the North Carolina case of *Town of Hillsborough v. Smith,* 276 N. C. 48, 170 S. E. (2d) 904 it was held that in order to acquire a vested property right it is sufficient that, prior to the revocation of the permit or enactment of the zoning ordinance and with requisite good faith, he make a substantial beginning of construction and incur therein substantial expense. In this same case, it was held that "good faith" was not present when the landowner, with knowledge that the adoption of zoning ordinance is eminent, and that if adopted it will forbid his proposed construction and use of the land, hastens, in a race with the town commissioners to make expenditures or incur obligations before the town can take its contemplated action so as to avoid what would otherwise be the effect of the ordinance upon him.

We quote from 101 C. J. S. Zoning § 240, p. 1003, the following:

"The time within which work under a zoning or building permit must start, or be completed, or a portion thereof be completed, may be limited, in which case the permit expires by limitation where the work is not commenced or completed within the required time. * * *"

Our attention has been directed to the cases of *Willis v. the Town of Woodruff,* 200 S. C. 266, 20 S. E. (2d) 699; *Pendleton v. City of Columbia,* 209 S. C. 394, 40 S. E. (2d) 499; *Kerr v. City of Columbia,* 232 S. C. 405, 102 S. E. (2d) 364; *Lominick v. City of Aiken,* 244 S. C. 32, 135

S. E. (2d) 305; *Nuckles v. Allen,* 250 S. C. 123, 156 S. E. (2d) 633 and *Pure Oil Division v. City of Columbia,* 254 S. C. 28, 173 S. E. (2d) 140. An examination of these cases reveals that they are inapposite to the issue here raised.

It was the obvious intention and purpose of the County Council of Charleston, when it enacted the county zoning ordinance, to protect the rights of the holder of a building permit after the zoning had placed the property in a nonconforming category, if he started construction of the building within the time prescribed. It was in furtherance of this purpose that the building inspector advised the appellant that he would be required to have commenced construction of the apartment project no later than August 15, 1971.

The appellant knew when he received the building permit and when he, thereafter, on August 6, 1971, made a down payment of the purchase price for the lots that such were restricted to single family residential use under the existing zoning ordinance. He also knew that the only way to avoid the application of such restriction to the property was that construction of the apartment project had to be commenced by August 15, 1971. The difficulty in which the appellant finds himself was one of his own deliberate choice.

The court found facts sufficient to justify its conclusion that the appellant did not act in good faith and without notice in making expenditures and incurring obligations in connection with this project. We concur with the conclusion of the court below that the appellant has no vested right to construct the proposed apartment project on the Joye Avenue property.

The only other question presented is whether Charleston County Council was estopped by the acts of its agents from revoking the building permit issued to the appellant. The appellant relies (1) on a letter from the attorney for the Charleston County Council giving his interpretation of the permit issued to the appellant prior to the effective date of the zoning ordinance, and (2) the routine inspection of the

premises in question by employees of the office of the building inspector and their lack of action in not finally revoking the permit until October 14, 1971.

Even though the trial judge refused to admit the letter of the attorney for Charleston County Council in evidence, we consider such in connection with the question here raised.

The authority of Charleston County Council to enact a zoning ordinance restricting the use of privately owned property is founded in the police power. *Bob Jones University v. City of Greenville*, 243 S. C. 351, 133 S. E. (2d) 843 and *Rush v. City of Greenville*, 246 S. C. 268, 143 S. E. (2d) 527. The doctrine of estoppel cannot be applied to deprive the Charleston County Council of the due exercise of its police power. *Powell v. Board of Commissioners of Police Insurance & Annuity Fund*, 210 S. C. 136, 41 S. E. (2d) 780, 1 A. L. R. (2d) 330 and *Heyward v. S. C. Tax Commission*, 240 S. C. 347, 126 S. E. (2d) 15.

It follows that the appellant could not invoke the doctrine of estoppel to prevent the revocation of his building permit by the Charleston County Council.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.