## 21029

G. T. SCOTT, Individually, Trustee or Nominee, Respondent, v. Royce CARTER, Greenville County Planning Commission, Steve Day as Greenville County Zoning Administrator, and Ed Gregory as Greenville County Codes Administrator, Ropert T. Ashmore, E. A. Peddycord, John Burgess and W. S. Farmer, Jr., Individually and as members of the Class representing all property owners in Buxton Subdivision, Garden Terrace Community, Crestwood Drive Community, and State Park Road Community, Manly Drive, Dreamland Way and Hillandale Circle, Defenadnts, of whom Robert T. Ashmore, E. A. Peddycord, John Burgess and W. S. Farmer, Jr., Individually and as members of the Class representing all property owners in Buxton Subdivision, Garden Terrace Community, Crestwood Drive Community, and State Park Road Community, Manly Drive, Dreamland Way and Hillandale Circle, are Appellants.

(257 S. E. (2d) 719)

510

*Rex Carter,* of *Carter, Philpot, Johnson & Smith,* Greenville, *for appellants.*

*Paul J. Foster, Jr.,* Greenville, *for respondent.*

August 15, 1979.

*Per Curiam:*

The action out of which this appeal arises was tried before the Honorable Frank Eppes, Circuit Judge, resulting in his order directing the administrative authorities of Greenville County to issue to the petitioner a building permit. The ad-

ministrative authorities have not appealed and are apparently ready to comply. The appeal is prosecuted by property owners adjacent to, or near, the land on which the petitioner proposes to build an apartment complex.

The essence of the appeal, as taken from appellants' brief, is the contention that the judge erred (1) in holding that the petitioner had a right to the issuance of a building permit and zoning certificate prior to a complete review of his application by the appropriate county authorities, and (2) in holding that the authorities were without authority to defer action on the application. These questions are amply discussed and properly disposed of in the order of the lower court, which shall be printed as follows:

## ORDER OF JUDGE EPPES

This is a zoning matter. It came on to be heard pursuant to verified Petition and Rule to Show Cause issued March 31, 1978, served and filed the same date. The Petitioner in substance alleges that the administrative authorities of Greenville County are, without just cause, delaying the issuance of a zoning certificate and building permit for an apartment project on Crestwood Drive, Greenville County, South Carolina. He then seeks relief in two forms: one an Order restraining the authorities from any further delay in issuance of the documents, and the other, an Order requiring the issuance of the documents. In due time, the County authorities responded by Answer denying any delay, and further alleging that three remaining items were needed prior to the issuance of the documents, they being: (1) A completed satisfactory traffic study; (2) A completed satisfactory drainage study; and (3) A right-of-way to cross over a sewer line of Western Carolina Regional Sewer Authority. Prior to the hearing a number of surrounding landowners, individually and as a class, moved to be made parties to the action and answered, alleging basically a detrimental result to their land, if the apartment project was allowed to go forward.

The hearing was held at 10:00 A.M. on Monday, April 10, 1978. Present were the four (4) named parties in the original action together with their counsel; also present were two (2) members of the class of intervenors together with their counsel, and further, David Austin, a witness from First Citizens Bank and Trust Company. At the outset, the Petitioner, through counsel, made an opening statement to the Court and then stated he did not oppose the intervention. The intervention of additional parties to an action is largely in the discretion of the Court. *Robinson v. South Carolina Highway Department*, 241 S. C. 137, 127 S. E. (2d) 286 (1962). I find that it is proper to allow the intervention and so rule. I further find that the intervenors are individuals and classes of landowners and members of Subdivisions adjacent to and near the location of the proposed apartment project.

The County then produced the three named Defendants who testified and from their testimony, I find that the application for a permit had been properly made on March 21, 1978, by Petitioner; that immediately thereafter, the Zoning Administrator referred the material out to among others, the Planning Commission. I find that on or about March 24, 1978, there was a Memorandum issued by the Greenville County Administrator which caused the three (3) Defendants to stop any further action until the entire question of zoning and rezoning of the area had been heard. I find that the Zoning Administrator normally processes an application and issues a certificate in ten (10) days; that there now remain according to the County Defendants four (4) things before the documents can be issued: (1) a completed satisfactory traffic study; (2) a completed satisfactory drainage study; (3) a right-of-way over the Western Carolina Regional Sewer Authority sewer; and (4) to remove the impediment caused by the County Administrators Memorandum stopping action. I further find from their testimony that the property in question is zoned RM, and

that that zoning classification includes an apartment project such as is presently in issue.

Thereafter, the Petitioner testified and also David Austin, Vice President of First Citizens Bank and Trust Company. I find from their testimony that First Citizens Bank and Trust Company has a valid contract to sell the property to G. T. Scott, Petitioner, and he, in turn, has a valid contract to purchase the property. I find that the property in question is thirteen (13) acres, more or less, and located on Crestwood Drive, and being noted on tax maps as 441-1-1, 441-1-1.1 and 445-1-3. The project is an apartment project known as Crestwood. I find that the efforts of G. T. Scott, as to this property, reach back to February, 1976, at which time he initially contracted for the property. I find that he has expended considerable moneys in furtherance of the project, to-wit: $68,000.00 to the architects for the designing phase; $2,500.00 for the down payment on the contract, and $9,000.00 for the funding processing fee for the project. The Plaintiff has expended a total of $79,500.00 as of the date of this hearing and has spent many months of his personal time pursuing the project as reflected herein. It appears, and I so find that the Plaintiff was relying upon the Zoning integrity as espoused by the County of Greenville, State of South Carolina, and to deny the Plaintiff a zoning certificate and/or building permit without objectionable grounds, which have not been shown as of the date of this hearing, would make a mockery of the zoning laws of the County of Greenville, State of South Carolina and denies this Plaintiff equal justice under the law.

The traffic survey has been completed and was even introduced into evidence. Some question was raised as to Crestwood Drive and ability to handle traffic and I find that the road is a 36-foot right-of-way, two lane State maintained road, and that an adjacent two lane road is handling 7,000 cars per day. The highest estimate of traffic on Crestwood Drive after the project completion is 1900 cars per day.

Another question was raised as to the drainage plan being approved and I find that the plan has been in the possession of the County since March 21, 1978, and that even to the date of the hearing, there had been no objection raised as to the propriety of the drainage plan, and I find that it should have been reviewed within ten (10) days of the date of submission and that the County has had ample opportunity to review the plans prior to the hearing, and failing to object at the hearing, loses the right to.

As to the right-of-way over a sewer line, I find that the Petitioner has already contracted with and received letter approval from the sewer authority to go ahead with construction, and that any delay due to this would be without merit.

The Greenville County Zoning Ordinance adopted May 19, 1970, states in Paragraph 6:14, as follows:

Section 6:14 (formerly Section 6:15)

APARTMENT DEVELOPMENT

Plans for an apartment development shall be submitted to the Greenville County Planning Commission staff for approval. The plans should include the following data and any other reasonable information the Planning Commission staff may require in its investigation of the plans.

(A) The location and size of the site;

(B) Density of land use proposed for various parts of the site;

(C) The location and size of any roads within the apartment complex;

(D) The location of all parking;

(E) The location of all street lights within the complex;

(F) The location, size and type of recreation provided;

(G) The height of each structure in the development;

(H) Plan showing complete drainage of the entire site;

In addition to the above information, the following will be required.

(A) A copy of covenants, grants, or easements or other restrictions proposed to be imposed upon the use of land, buildings, and structures including proposed easements or grants for public utilities.

(B) A schedule showing the proposed times for constructing the development.

I find no reference in the above section to a need for a traffic study or a need for a right-of-way over a sewer line. In any event, the Petitioner has duly submitted an application concerning the above, and I find that more than enough time has elapsed for the County to object to the issuance of the permit or certificate.

As to the stay issued by the County Administrator, I find that he is an arm of the Greenville County Council and its subcommittees. Section 9.9 of the same Zoning Ordinance reads, in part:

It is further the intent of this Ordinance that the duties of the County Council in connection with this Ordinance shall not include hearing and deciding questions of interpretation and enforcement that may arise. The procedure for deciding such questions shall be as stated in this section and this Ordinance. Under this Ordinance, the County Council shall have only the duty of considering and adopting or rejecting proposed amendments or the repeal of this Ordinance, as provided by law.

I find no legal basis for the intrusion by County Council into the zoning certificate and building permit process. Indeed the above excerpt specifically speaks to the contrary. I therefore find the directive of the Administrator to be null and of no effect, as it relates to Petitioner's application for the documents. The other portions of the Memorandum remain unaffected by this ruling.

Two (2) landowners of surrounding land testified and indicated their opposition was based in substance on a de-

valuation of their property if the project were to go forward. They also raised other issues, also irrelevant. I find that while the claims may be true, they have no bearing on the issuance of a building permit or zoning certificate. Thus, the Petitioner has duly applied for a zoning certificate and building permit, the County has had more than ample time to process same, and yet there is no substantial objection even at the hearing date, other than a further need to study matrial which should have been studied and resolved long ago. I find that the delay is to the detriment of the Petitioner, without just cause and prompted largely, if not exclusively, by the unjustified intrusion of the Greenville County Council. Petitioner is therefore entitled to relief. It is, therefore,

ORDERED, ADJUDGED AND DECREED:

(1) That the Greenville County Planning Commission, the Greenville County Zoning Administrator, and the Greenville County Codes Administrator be and they are hereby required to cease any further delay in the issuance of the zoning certificate and building permit for the subject property and

(2) Further, they are hereby Ordered to immediately issue a zoning certificate and building permit for the subject property.

IT IS SO ORDERED.

Additionally, the position is taken that the lower court erred in refusing to admit in evidence certain exhibits offered by counsel for the appellants. The inclusion of the exhibits would have made no difference in the result.

It is argued that the court erred in ordering that the answer of the administrative authorities (not submitted to the lower court) be included in the transcript. We are of the opinion that the lower court erred in directing that the answer, served after the order of the lower court was filed, be made a part of the record, and we have accordingly disregarded the same.

The lower court order, as printed herein, is made the directive of this court.

Affirmed.

NESS, J., dissents.

GREGORY, J., dismisses.

NESS, Justice (dissenting):

I dissent, concluding the trial court erred in ordering the Greenville County zoning authorities to issue a building permit to respondent.

On March 20, 1978, the Greenville County Council commenced proceedings to rezone the subject property so as to prohibit multifamily dwellings. The following day, respondent Scott, with notice of the proposed rezoning, applied for a permit to construct a rent subsidized apartment complex on the property. At the time of application, respondent was not the owner of the property but had a contract to purchase it with a number of "out clauses." One of the clauses provided he was not obligated to purchase until he obtained a firm commitment from the Department of Housing and Urban Development for project mortgage insurance. When respondent applied for the building permit, he had not yet acted to obtain a firm commitment from HUD.

On March 24, 1978, the Greenville County Administrator, acting at the request of county council, directed that no permit be issued pending the outcome of the rezoning study. The testimony reveals that due to the complexity of the project, review of respondent's application had not been completed in several particulars by the time respondent instituted this action.

Respondent had failed to present to the county authorities sufficient proof that the sewer authority would permit a road to be built across its right of way, as shown by the plans. The Greenville County Planning Commission had requested the County engineer to evaluate the respondent's proposed

drainage plan, and the engineer's study was incomplete. Finally, a traffic study requested by the Planning Commission had not been reviewed by the zoning administrator.

At the conclusion of all the testimony, respondent's attorney requested the court to order the county officials to rule on the permit within a reasonable time. The trial court, however, disregarded that request and ordered the immediate issuance of the permit, without granting the officials time to complete their review of the proposed complex.

The sole issue presented on appeal is whether the trial court erred in ordering the immediate issuance of the permit prior to the county authorities completing their study. The majority, relying on the fact that the administrative officials have not appealed, violently assume that compliance is forthcoming and disregard the exceptions raised by appellants, property owners in the vicinity of the proposed apartment project.

Section 6:14 of the Zoning Ordinance for Greenville County permits the construction of apartment houses provided they meet the following requirements:

Plans for an apartment development shall be submitted to the Greenville County Planning Commission staff for approval. The plans should include the following data and any other reasonable information the Planning Commission staff may require in its investigation of the plans.

(A) The location and size of the site.

(B) Density of land use proposed for various parts of the site.

(C) The location and size of any road within the apartment complex.

(D) The location of all parking.

(E) The location of all street lights within the complex.

(F) The location, size, and type of recreation provided.

(G) The height of each structure in the development.

(H) Plan showing complete drainage of the entire site.

In addition to the above information, the following will be required.

(A) A copy of covenants, grants, easements, or other restrictions proposed to be imposed upon the use of land, buildings, and structures including proposed easements or grants for public utilities.

(B) A schedule showing the proposed times for constructing the development.

Subsection (H) clearly requires that the proposed drainage plan be submitted to the Planning Commission "for approval." At the time of the hearing before the trial court, the drainage plan had not been approved, the traffic impact study was incomplete, and permission to construct a proposed road had not been obtained from the sewer authority. As approval of the drainage plan is specifically required by ordinance, I believe the commission was correct in refusing to issue a permit pending review of these items. In *Rogers v. Mayor & Aldermen of Atlanta,* 110 Ga. App. 114, 137 S. E. (2d) 668 (1964), the Court noted the importance of a traffic impact study to the issuance of a permit to construct an apartment complex in a residential area. "The fact that a traffic hazard or congestion might result from the location of— (the project) has been held a valid ground for denying a permit." 137 S. E. (2d) at 672. Also see *Galfas v. Ailor,* 81 Ga. App. 13, 57 S. E. (2d) 834 (1950).

The trial court's reliance on the fact that respondent has incurred substantial expense in preparing this project is misplaced. Such action by a property owner does not create vested rights superior to the interest of the public in the valid exercise of the police power. *Douglass v. City Council of Greenville,* 92 S. C. 374, 383, 75 S. E. 687 (1912) ; *Willis v. Town of Woodruff et al.,* 200 S. C. 266, 20 S. E. (2d) 699 (1940).

Moreover, this Court held in *Whitfield v. Seabrook,* 259 S. C. 66, 190 S. E. (2d) 743 (1972), that vested rights result only from good faith actions. In *Whitfield,* the Charles-

ton County Council on August 3, 1971, approved a zoning ordinance to be effective August 15, 1971. On August 4, 1971, the plaintiff applied for a permit to construct an apartment building in the area. Although a permit was granted, the plaintiff was informed that construction must commence prior to August 15th. The county revoked the permit when the plaintiff failed to commence construction by that date. In the ensuing lawsuit, the plaintiff claimed he had vested rights in the permit because he had commenced negotiations for the purchase of the property, had prepared detailed plans and specifications, and had expended monies for the purchase of materials, all prior to the adoption of the new zoning ordinance.

This Court concluded the expenditures for plans and materials could not have been made in reliance upon the building permit as they were made prior to its issuance on August 4, 1971, and that any expenditures after the permit was issued were made with knowledge of the impending zoning change and therefore could not create a vested right. We held that where the plaintiff had knowledge of the proposed zoning ordinance, he did not act in good faith in expending money in connection with the project. Similarly, here, vested rights could not have accrued in the respondent when he had notice of the proposed zoning change at the time he applied for a building permit.

As this equitable matter was heard before the trial judge alone, sitting without a jury, his factual findings are not binding upon this Court. We have jurisdiction to find facts in accordance with our views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). In my opinion, the evidence in this case is insufficient to show any wilful delay by the responsible county authorities. The respondent, upon whom the burden of proof rested in the trial court, simply failed to prove that the Planning Commission or the zoning administrator unreasonably failed or refused to act on the

application. There is absolutely no evidence that the county engineer and the traffic engineer had even been informed of the proposed rezoning study. For this reason, the factual finding of the lower court to the effect that the delay was occasioned by the instruction of the county council is without evidentiary support.

Additionally, respondent argues that he did "introduce into evidence a letter from the Western Carolina Regional Sewer Authority which indicated—that a right of way would be granted—." (Respondent's Brief, p. 17). This letter, at page 129 of the transcript deals primarily with the acceptance of waste water from the units. The question of constructing a road over a sewer line is discussed, but the discussion is only to the effect that the architect or engineer involved with the project should consider the problem and make plans for the protection of the pipe if the road was developed. The letter in no way constitutes an unconditional grant of a right to construct a road over the right of way.

I would hold that the lower court erred in finding that the consideration of the respondent's application for a building permit was delayed by the action of the county council. Rather, the evidence reveals that the respondent had not met the requirements of the Greenville County Zoning Ordinance and was not entitled to a building permit.

I would reverse since there was pending at the time of the application an ordinance of which the respondent had notice which would alter the zoning so as to prohibit apartment complexes. The respondent clearly has not acquired any vested right sufficient to defeat the police power of the county in protecting the public welfare of its citizens.

GREGORY, Justice (dismissing) :

In my view the issue presented by this appeal has been rendered moot by events occurring subsequent to the filing of the order of the lower court.

This matter came before the lower court on a rule to show cause issued March 31, 1978 pursuant to the verified petition of respondent Scott. In his petition Scott alleged that the Greenville County zoning authorities refused without justification to issue him a zoning certificate and a building permit. The zoning authorities filed a return to the rule to show cause in which they alleged that they had not had sufficient time to complete their review of Scott's applications.

The lower court permitted a group of private citizens to intervene answer Scott's petition and file a cross-petition against the zoning authorities.

The rule to show cause was heard on April 10, 1978 and the subject order of the lower court was filed on April 13, 1978. The intervening defendants served and filed a notice of intention to appeal on April 14, 1978. An Order of *Supersedeas* was issued by a member of this Court on April 17, 1978, and was continued by Order of the full Court dated May 15, 1978.

The zoning authorities did not appeal from the order of the lower court. On May 4, 1978, however, the zoning authorities filed an answer to the cross-petition of the intervening defendants, stating:

. . . [T]he Plaintiff-Respondent (Scott) has . . . complied with all requirements of the Greenville County Zoning Ordinance and applicable building codes, and that these Defendants (zoning authorities) would therefore have issued such certificate and permit in this case except for the order of *Supersedeas* which was issued by this Honorable Court on April 17, 1978.

The majority opinion would affirm the order of the lower court finding that further delay was unjustified and requiring the zoning authorities to issue the necessary documents to Scott immediately.

The dissenting opinion of Justice Ness would reverse the order of the lower court and, in effect, remand the case to

the zoning authorities to complete their review of the proposed complex. As noted above, however, the zoning authorities have already completed their review and have determined that Scott is in full compliance with all requirements of the Greenville County Zoning Ordinance and applicable building codes.

Thus, whether we affirm or reverse the order of the lower court the same result will follow—the Greenville County zoning authorities will issue the necessary documents to Scott.

Since a review of this case on its merits will not affect the outcome, I would dismiss the appeal on the ground the issue is moot.